ARTHUR FERRARA, an infant, by CAMILLE FERRARA, His Guardian ad Litem, et al., Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

City Court of the City of New York, Special Term, Bronx County, October 3, 1946.

*Henry G. Fisher* for plaintiffs.

*John J. Bennett, Corporation Counsel (Frank J. Horan* of counsel), for City of New York, defendant.

BONEPARTH, J.  Plaintiffs sue for damages based on personal injuries, sustained by the infant plaintiff.  They move this court for an order permitting them to serve a notice on the Comptroller of the City of New York, *nunc pro tunc*, as of December 12, 1945.

The accident occurred on June 18, 1945, and within six months thereafter, on December 12, 1945, plaintiffs served notice of claim and notice of intention to sue upon the Corporation Counsel of the City of New York.  No notice has been served upon the comptroller.

Plaintiffs in the moving papers state that section 50-e of the General Municipal Law requires only one notice to be served, but plaintiffs fear that the City of New York may rely upon the failure to serve notice upon the comptroller to defeat the instant action, as indicated by its answer.

The question is thus presented whether service here only upon the Corporation Counsel of the City of New York is sufficient.

Section 50-e of the General Municipal Law, effective September 1, 1945, now covers the field of service of notice of claim against public corporations (which pursuant to section 3 of the General Corporation Law includes a municipal corporation).

Chapter 694 of the Laws of 1945, of which section 50-e of the General Municipal Law is a part, was intended to change and simplify the whole procedure of service of notice of claim on public corporations.  One of the objects sought to be accomplished by this law was the elimination of the service of duplicate and triplicate notices, as theretofore required, in claims of this nature.

The Judicial Council, which recommended this legislation, clearly indicated that one of the objects to be accomplished was the elimination of duplicate or triplicate service.  Thus, referring to the bill, as recommended, the New York Judicial Council, in its Tenth Annual Report (1944) says at page 270: " *Single Notice*  *  *  *  The purpose of this provision is to make it unnecessary for a claimant to give notice of intention to sue, or any other notice in addition to the stated notice of claim."  And at pages 274–275, it said: " (b) *Single versus Multiple Delivery.*  *  *  *  This provision effects a change from some existing New York provisions which require multiple delivery.  *  *  *  Where the Board of Education  *  *  *

is a party, the New York Administrative Code requires triple service * * *. In other cases, it requires like dual service.'' A footnote to this statement indicates that section 394a–1.0 of the Administrative Code of the City of New York, which is the basis of the requirement of such service, was under consideration.

The statute provides that '' The notice shall be served on the party against whom the claim is made by delivering the notice * * * to the person * * * designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered.'' (General Municipal Law, § 50-e, subd. 3.) Section 228 of the Civil Practice Act provides that a summons in an action against the City of New York may be served upon the corporation counsel.

Subdivision 4 of section 50-e of the General Municipal Law provides: '' No other or further notice, no other or further service, filing or delivery of the notice of claim, and no notice of intention to commence an action or special proceeding, shall be required as a condition to the commencement of an action or special proceeding for the enforcement of the claim * * *.'' This language is clear, and the repetition of the phrase, '' no other or further '', leaves no doubt that duplicate or triplicate service, as theretofore required, are no longer necessary.

The corporation counsel opposes this motion, and cites various cases to the effect that the court has no power to permit the service upon the comptroller, after the statutory period for service has expired. These cases are not applicable; they were decided before the enactment of section 50-e of the General Municipal Law.

By section 13 of chapter 694 of the Laws of 1945, it was further provided: '' The provisions of section fifty-e of the General Municipal Law, as added by this act, shall supersede inconsistent provisions of any general, special or local law, or charter provisions, and shall be controlling.''

So that the provisions of the Administrative Code, requiring duplicate service, are no longer applicable.

The fact that the accident occurred before September 1, 1945, the effective date of section 50-e of the General Municipal Law, does not take this case out of the operation of that section. The notice of claim, it will be noted, was served in December, 1945, after the effective date of September 1, 1945. The statute, section 14 of chapter 694 of the Laws of 1945, specifically provides that the act '' shall apply to claims against public corporations * * * which were not barred by applicable statutory or case law in force prior to September first, nineteen

hundred forty-five, but the periods now limited for the delivery of a notice of claim shall apply to all claims which arise prior to that date." (See, also, *Matter of Everett* v. *City of New York*, 186 Misc. 39.)

Accordingly, it must be held that the service of notice on the corporation counsel alone is sufficient, and service on the comptroller, in addition thereto, is unnecessary. The motion of the plaintiffs for leave to serve the comptroller is accordingly denied. Order signed.