John H. Galloway, Jr., J.
One of the plaintiffs, Roger Marallo, moves under rules 113 and 114 of the Rules of Civil Practice for an order striking out the answer of the defendants as to his the fourth cause of action set forth in the complaint and directing summary judgment for said plaintiff thereon. The defendants cross-move under rule 113 of the Rules of Civil Practice for an order dismissing the complaint (including plaintiff Roger Marallo ?s cause of action) on the ground that ‘1 it fails to state a cause of action in that there ivas no timely service of a notice of claim and that the action was not commenced within one year from the date of service of a notice of claim, and awarding summary judgment for the defendants.”
The complaint sets forth four causes of action in conversion (including the moving plaintiff’s fourth cause of action). Each asserts that the District Attorney and Sheriff have wrongfully taken and that they and the Commissioner of Finance are wrongfully detaining currency and other personal property belonging to him (in the case of Roger Marallo, the sum of $5,000, a red ruby ring and other personal property), for the possession of which each demands judgment.
From the papers submitted on the motion and cross motion, the following additional facts appear:
On December 8,1955, the District Attorney, in the course of a gambling raid in the City of Yonkers, seized currency, alleged to be illegal gambling moneys, and other personal property, from the persons of the plaintiffs herein, in a gift shop in that city; on March 31, 1958 demand was made upon the District Attorney for the return of the currency and other personal property (by service of a summons and complaint dated March 26, 1958, demanding the return of these moneys and other property), to which demand the District Attorney did not respond; the complaint in that action was dismissed by this court (Hopkins, J.) by order dated June 13, 1958, on the ground that plaintiffs had failed to allege compliance with the condition precedent of service of a notice of claim pursuant to section 52 of the County Law and section 50-e of the General Municipal *752 Law; on June 27, 1958, plaintiffs served a notice of claim upon the County of Westchester; on November 13, 1958, the summons and complaint in the instant action (dated Nov. 7, 1958) were served on the County of Westchester, for “ illegally withholding ” property “ wrongfully taken ” from the possession of the plaintiffs; subsequently the moving plaintiff and the three others were indicted for conspiracy to violate the gambling laws (Penal Law, § 986 — book-making, betting and wagering; § 974 — keeping a place for policy playing). The moving plaintiff pleaded not guilty and went on trial on February 1, 1960; and on March 25, 1960, on motion made at the close of the evidence, the indictment against him was dismissed.
We consider first the defendants’ cross motion to dismiss the complaint for failure of plaintiffs to timely serve their notice of claim and to commence their instant action in compliance with section 52 of the County Law and section 50-e of the General Municipal Law. Section 50-e of the latter statute requires that notice of claim in a tort action such as this one be served and filed within 90 days from the date when the cause of action accrued, and subdivision 2 of section 52 of the County Law requires that action be commenced within one year after the filing of the notice of claim. Defendants urge that the total maximum time allowed was one year and 90 days from December 8, 1955 (the date when the cause of action accrued), yet plaintiffs did not commence their first action until March 31, 1958; and that therefore the action should be dismissed.
The question is therefore presented as to the date upon which the causes of action arose or accrued. Plaintiff’s position is that the present action is based chiefly on the theory that there was an unlawful detention of the property involved after due demand for the return thereof, though the initial taking itself, was also wrongful; that they were not in a position to proceed on a wrongful taking theory since the property at that time was in the custody of the law for use in connection with criminal charges; that on March 31, 1958, by virtue of the service of the summons and complaint in the first action against the District Attorney alone, a demand for return of the chattels was made and upon the refusal of the District Attorney to return same, notices of claim against the District Attorney and other officers of Westchester County, including the Commissioner of Finance, were duly and timely served, and that within one year after the demand and refusal, this action was commenced.
Conversion has been defined as an act of willful interference with a chattel, done without lawful justification, by which any *753 person entitled thereto is deprived of use and possession (Salmond, LaAV of Torts [10th ed., 1945], p. 286). The foundation for the action of conversion rests upon the unwarranted interference by defendant Avith the dominion over the property of the plaintiff from Avhich injury to the latter results (Fowler v. Hollins [1872], L. R. 7 Q. B. 616).
One Avhose taking and possession of property Avere originally lawful incurs liability for conversion in detaining the property by refusing to surrender possession after demand by one presently entitled to possession (Pierpoint v. Hoyt, 260 N. Y. 26). Since an action for conversion is a possessory action, it is clear that to maintain it, plaintiff must have such an interest in the property as to entitle him to an immediate right of possession (Pierpoint v. Hoyt, supra); at least an interest sufficient to establish that a Avrong was perpetrated by defendant against plaintiff in taking the property (Snyder v. Guider, 17 Misc 2d 558). Thus, plaintiff must have a legal right to possession, otherwise he cannot prevail, though the defendant shoAvs no right in himself (Hofferman v. Simmons, 290 N. Y. 449).
Plaintiffs appear to agree that property taken, as here, by peace officers in the enforcement of the Penal Law, and held by them pending prosecution of a criminal charge, is in the custody of the law, and is not subject to replevin until that custody is ended by a conviction or acquittal (Simpson v. St. John, 93 N. Y. 363; 13 Carmody-Wait, New York Practice, p. 161, § 26). In such case, after conviction or acquittal of the accused, and provided the property is not contraband, and no longer required by the State as evidence, the OAvner or person entitled to possession may replevy the property (cf. Duboff v. Haslan, 195 App. Div. 117). Plaintiffs also concede that where the property has come lawfully into a defendant’s possession, to recover the property as wrongfully detained, there must be a demand and refusal (13 Carmody-Wait, Nbav York Practice, p. 194, § 61).
In any case, the cause of action accrues and the statutory period of limitation of action begins to run when the conversion occurs (Guild v. Hopkins, 271 App. Div. 234, affd. 297 N. Y. 477). Where the original taking was wrongful, the cause of action accrues at the time the tortious act was committed; where the original taking was lawful and thereafter there is a wrongful detention after demand and refusal, the time within which the action must be commenced is computed from the time when the right to make the demand is complete (cf. 10 N. Y. Jur., Conversion, § 64, pp. 568, 569). The period of limitation for *754 commencement of the action for conversion is not tolled or extended by the pendency of a criminal prosecution (cf. Man Radio & Electricals v. Von Cseh, 12 Misc 2d 435).
In the case at bar, plaintiffs’ moneys and other personal property were taken from them by Deputy Sheriffs on December 8, 1955 during a gambling raid on certain premises in Yonkers under the supervision and direction of an Assistant District Attorney of this county. Since the Deputy Sheriffs and Assistant District Attorney were then acting under claim or color of authority in the course of enforcement of the Penal Laws (relating to illegal gambling), and there is no showing, either in the complaint or the other moving papers herein that they were acting wholly without legal justification, the taking was not tortious and no cause of action in conversion then accrued to the plaintiffs.
On March 31, 1958, when the plaintiffs demanded of the District Attorney the return of their property, they were not then entitled to the immediate possession thereof, since it was then still in the custody of the law and was being held by the District Attorney pending the investigation and prosecution of criminal charges against these plaintiffs. (In fact, defendants urge, as alleged in their answer, that the moneys taken from Marallo and the other plaintiffs were the proceeds of gambling and used in gambling and for gambling purposes). Though a demand and refusal are, in certain situations, conditions precedent to maintenance of replevin (Heating & Plumbing Finance Corp. v. Kuhn, 151 Misc. 510; Fleischman v. Glaser, 28 Misc. 555; Employers’ Fire Ins. Co. v. Cotten, 245 N. Y. 102; Pitz v. Munro, 249 App. Div. 648, affd. 275 N. Y. 473), in our opinion, continued detention thereafter does not thereby become a conversion, where the original taking and possession were lawful and the demander was not entitled to possession at the time of his demand. That is to say, in such a case, demand and refusal do not render an otherwise lawful possession wrongful. It follows, therefore, that a cause of action in replevin did not accrue to plaintiffs upon their demand of March 31, 1958, and the withholding of their property thereafter by the District Attorney. Consequently, their “ Notice of Claim” served on the County of Westchester on June 27, 1958, and commencement of the instant action on November 13, 1958 were premature, futile, and of no effect.
It was not until February 1, 1960 that the criminal charges (in connection with which Marallo’s property was being held as evidence by the District Attorney) were brought to trial *755 against Marallo. On March 25,1960 the indictment against him was dismissed on motion at the conclusion of the evidence. At that time, assuming that the property involved was not contraband, Marallo was presumptively entitled to demand the return of possession, and upon a demand for its return and refusal thereof, his cause of action in conversion for wrongfully withholding such property would have matured. The basis of his claim and cause of action thereon being the tortious act of the defendants, and his remedy of replevin, arising ex delicto against the County of Westchester and its officers, was within section 50-e of the General Municipal Law, which requires, as a condition to bringing an action in tort against the county, the service of a notice of claim upon it within 90 days after the cause of action accrues; and was also within subdivision 2 of section 52 of the County Law, which provides that no action shall be maintained against the county or an officer thereof unless a notice of claim has been filed and served as prescribed in its first subdivision, and that the action thereon be commenced within one year after the filing of the notice of claim (Kamienska v. Gagliardi, N. Y. L. J., June 4, 1958, p. 16, col. 5, Hopkins, J., then County Judge; and cf. Goldberg v. County of Westchester, 199 Misc. 859).
It appears from the papers on this motion that subsequent to March 25, 1960 Marallo did not make a demand on defendants for return of his property, nor has he served and filed a notice of claim on them within the prescribed period of 90 days after March 25, 1960, when his right to make such demand was complete, nor has he commenced an action on such claim within one year thereafter.
Under such circumstances, we reach the conclusion that plaintiff Marallo has failed to comply with both subdivision 2 of section 52 of the County Law and section 50-e of the General Municipal Law, in that he has failed to timely serve notice of claim and to commence an action thereon after his right to demand return of possession matured and was complete on May 25,1960. The complaint must therefore be and is dismissed as to the plaintiff Marallo.
In view of this disposition of the defendants’ motion as against the plaintiff Marallo, his motion for summary judgment against the defendants on his, the fourth cause of action in the complaint, must be and is denied.
With respect to defendants’ motion to dismiss the complaint as against each of the three other remaining plaintiffs, since we have determined that their causes of action did not accrue on *756 December 8, 1955, nor on March 31, 1958, and since the moving papers do not disclose facts from which can be determined the date or dates upon which their canses of action in replevin, if any, accrued, said motion is denied, without prejudice to renewal upon proper papers.