Bernard S. Meyer, J.
In this action to recover possession of $907 in currency seized by the County Police Department on December 14,1969, plaintiff moves for summary judgment. The currency was seized at plaintiff’s mother’s home, together with slips of paper evidencing bets and betting information. It was seized under a search warrant, but on May 14, 1970 a motion to suppress was granted and the indictment, which charged plaintiff under section 225.20 of the Penal Law with the felony of possession of gambling records, was dismissed. The People have not appealed from the order of May 14,1970.
On August 12, 1970, plaintiff filed a notice of claim and on *1040 March 15, 1971 he commenced this replevin action. Though the complaint alleges and the answer admits service of the notice of claim within ‘ ‘ 90 days of the date that the alleged action occurred” and that “this action has been started within one year and 90 days after the happening of the alleged occurrence,” the county urges on this motion that the action is untimely. It also argues that plaintiff has the burden of showing that the property was not used in furtherance of and is not the proceeds of illegal gambling activity. Neither argument withstands analysis, however, and the motion is, therefore, granted.
As the answer admits, the action is timely. The property having been seized under a warrant, the police were authorized to hold it until determination of the criminal proceeding in connection with which it had been seized, or until a suppression order made continued retention improper (cf. Simpson v. St. John, 93 N. Y. 363 ; Kamienska v. County of Westchester, 39 Misc 2d 750). Until determination of the motion to suppress on May 14, 1970, the property was not subject to replevin. The notice was served on August 12, 1970, the 90th day after the action accrued, and the action was begun less than a year later, as required by sections 50-e and 50-i of the General Municipal Law.
The notion that plaintiff is obliged to prove that the property was not used in illegal gambling activity stems, apparently, from cases against the Property Clerk of the City of New York. Such cases are, however, distinguishable, for the New York City Administrative Code in subdivision f of section 435-4.0 expressly requires a claimant in an action against the Property Clerk to establish ‘ ‘ that he has a lawful title or property right in such property or money and lawfully obtained possession thereof and that such property or money was held and used in a lawful manner ’ ’. Whether that provision is constitutional need not detain us (but see Reyes v. Rosetti, 47 Misc 2d 517), for the Nassau County Administrative Code (L. 1939, ch. 272, 701-709, as amd.) relating to the Police Department Property Clerk (§ 8-7.0) contains no corresponding provision.
The common law entitles plaintiff to return of the money if he shows that he is “ the owner of the property, or lawfully entitled to its possession ” (Hofferman v. Simmons, 290 N. Y. 449, 455). It is no answer, as the answering affidavit sets forth, that there was probable cause for the seizure of the property and for plaintiff’s arrest. The situation would be different had plaintiff, as did the claimants in the Hofferman case (pp. 453-454) ; People v. Derito (17 N Y 2d 473), and Goldberg v. Leuci (123 N. Y. S. 2d 154), pleaded guilty to or been convicted of á crime connected *1041 with gambling, for there then is evidence from which it could be found that plaintiff’s title or possessory right is founded on lawbreaking (Hofferman v. Simmons, supra, p. 457). Here the county comes forward with nothing other than the evidence already suppressed to establish any connection between the money and gambling, and ‘ ‘ evidence wrongfully obtained by a public official is not admissible in a civil proceeding” (People v. Horman, 29 A D 2d 569, affd. 22 N Y 2d 378 ; accord: Plymouth Sedan v. Pennsylvania, 380 U. S. 693 ; Incorporated Vil. of Laurel Hollow v. Laverne Originals, 17 N Y 2d 900 ; Chmielewski v. Bosetti, 59 Misc 2d 335 ; see Terpstra v. Niagara Fire Ins. Co., 26 N Y 2d 70, 74-75 ; Dixson v. State of New York, 54 Misc 2d 100 ; Reyes v. Rosetti, 47 Misc 2d 517). Plaintiff’s moving affidavit affirmatively states that “I, as owner of the aforesaid property, had placed the said property in the residence of my mother * * * for safekeeping purposes ’ ’ and that plaintiff ‘ ‘ was at the time of the search and seizure and up to the present time is still the sole owner of said property and entitled to the possession of same ” and his mother by affidavit confirms those statements. The answering affidavits set forth nothing, other than the suppressed and, therefore, inadmissible evidence, to suggest that other admissible evidence may be obtainable and thus bring the matter within CPLR 3212 (subd. [f]). Plaintiff is, therefore, entitled to summary judgment.
While the foregoing disposes of the motion, it should be noted that section 813-c of the Code of Criminal Procedure appears to furnish a further reason for granting plaintiff judgment. In that section the Legislature has directed that ‘ ‘ If the motion [to suppress] is granted, the property shall be restored unless otherwise subject to lawful detention ” and that direction is continued in CPLR, § 710.70 (subd. 1), which will become effective September 1,1971. Though it is not necessary now so to decide, it may well be argued that the rule of the Hofferman case is by legislative direction inapplicable when a suppression order has been made, and that a claimant who has obtained such an order is entitled to summary judgment in his replevin action upon that showing alone, unless the defendant presents evidence from which it can be found that the property is “ otherwise subject to lawful detention. ’ ’