Robert J. FINE, Plaintiff,

v.

The CITY OF NEW YORK et al., Defendants.

No. 74 Civ. 3116.

United States District Court, S. D. New York.

May 13, 1976.

Daniel Brecher, New York City, for plaintiff.

W. Bernard Richland, Corp. Counsel, City of New York, by Richard Steinberg, New York City, for defendant The City of New York.

## MEMORANDUM AND ORDER

BRIEANT, District Judge.

This case is before this Court on remand from the Court of Appeals for a trial as to all issues. *Fine v. City of New York,* 529 F.2d 70 (2d Cir. 1975). Familiarity with that opinion is assumed. Plaintiff had appealed from a judgment of this Court granting motions dismissing the complaint solely as to defendants Gaudelli, Kahn, Kornberg and Klein, and dismissing, *sua sponte,* the claim against defendant City. The Court of Appeals reversed and remanded with respect to Kornberg and the City.

While in agreement that no claim exists against the City under the Civil Rights Act, 42 U.S.C. § 1981, *et seq.,* the remand concerns a possible Fourteenth Amendment claim, and requires a determination "whether, assuming *arguendo* that such a claim for damages might be founded directly upon the Fourteenth Amendment and 28 U.S.C. § 1331(a), it would in all events be time-barred against the City." *Fine,* at 76.

Defendant City now moves for summary judgment dismissing so much of the complaint as is pleaded against the City. Initially, the motion is based on the statute of limitations, although the City also questions in its memorandum of law the existence of a Fourteenth Amendment claim against it, and also asks that the complaint be dismissed for failure to state a claim.

Plaintiff also moves for summary judgment in his favor on the issue of the liability of all defendants.

Summary judgment shall be granted only if the pleadings and other papers on file "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56, F.R.Civ.P. Even if this criterion appears satisfied, the Court may deny summary judgment as a matter of discretion. *Perma Research & Development Co. v. Singer Co.,* 308 F.Supp. 743, 750 (S.D.N.Y.1970). Such an approach is particularly desirable where, as here, the case presents two questions which are complex, one of which may be of first impression. Such matters ought to be resolved on a full plenary trial record, to assure a just result and facilitate appellate review.

The question of limitations is complex. The controlling statute for purposes of determining whether plaintiff's claims against the City are time-barred is New York General Municipal Law § 50–i(1). *Fine v. City of New York,* 529 F.2d 70, 76 (2d Cir. 1975). That statute requires that the action against the City must be commenced within one year and ninety days "after the happening of the event upon which the claim is based," and imposes as a condition precedent to litigation, the filing of a notice of claim within ninety days after the cause of action arises. Municipal Law §§ 50–i(1)(a), 50–e(1).

It is not clear what dates apply. The last day on which plaintiff's apartment was entered and property taken was March 7, 1972; the alleged police brutality occurred on the same date; and the alleged extortion took place in April, 1972. The suppression order excluding the evidence from Fine's criminal trial was granted by the state court on November 28, 1973, and the last of the criminal charges against plaintiff were dismissed January 17, 1974. Plaintiff maintains that items of his personal property are still held by the police property clerk of the City of New York. (Affidavit of Robert J. Fine, April 1, 1976, p. 1). Plaintiff filed a notice of claim against the City on January 24, 1974, and instituted the present action on July 22, 1974.

If the date of the suppression order is the relevant event, and date on which the cause of action arose, then plaintiff has met both the notice requirement and has brought his action timely. If, however, the day of the tort is the relevant event and the date on which the cause of action arose, then plaintiff's claim is time-barred.

In *Dwyer v. Nassau County,* 66 Misc.2d 1039, 322 N.Y.S.2d 811 (1973), the Nassau County Supreme Court held that a similar cause of action accrued as of the suppression order, and that the suppression order was the relevant event within the meaning of Municipal Law § 50–i(1)(c). *Dwyer* is distinguishable from the case at hand because it concerned property seized under a search warrant, later found invalid, and a conclusion by the court that such property was not subject to replevin until the suppression order was granted. The decision is also that of a lower New York State Court, and as such is not binding here. The applicability of *Dwyer* is put in doubt further by another New York lower court decision that a cause of action for conversion accrues as of the date of the taking, where the original taking is wrongful. *Kamienska v. Westchester Co.,* 39 Misc.2d 750, 241 N.Y.S.2d 814 (West.Co.Ct.1963) (seizure without warrant during a gambling raid).

It might be argued, relying on *Dwyer,* that where property has been seized under a search warrant, a cause of action in conversion does not accrue until the motion to suppress has been granted, while it might also be argued, relying on *Kamienska,* that where there is no search warrant, the cause of action accrues as of the date of the wrongful taking. Additionally, to fix the

accrual of the cause of action at the date of the suppression order places a severe burden on the municipality, since years may pass between the challenged search and seizure, and the date of the pre-trial suppression hearing or the trial itself.

The policy basis for a shorter statute and notice requirement for municipalities is that prompt investigation be made, and defenses prepared, before it is too late to do so efficiently. Municipal affairs are usually entrusted to a large number of officials, whose identities and responsibilities change rapidly due to promotions, retirements, transfers and a substantial vestige of the traditional spoils system which still exists. Unless claims can be investigated and defended promptly, the public interest will suffer. To allow a subsequent suppression hearing, which might occur at any time, to frustrate the purpose of the statute appears unreasonable.

Plaintiff urges that in any event the statute of limitations should be no defense to a claim of continued deprivation of property. It seems clear, however, that the statute abovementioned will cut off portions of claims of *continuing* trespass which accrued more than ninety days before the filing of notice. *Hackensack Water Co. v. Village of Nyack,* 289 F.Supp. 671, 682 (S.D. N.Y.1968). *Gregory v. City of New York,* 346 F.Supp. 140 (S.D.N.Y.1972).

Both motions are denied, without prejudice to a full reconsideration at trial of the issues discussed herein.

In view of the age of this litigation, the action is respectfully referred to Hon. Martin D. Jacobs, a Magistrate of this Court, for all pre-trial purposes, including the preparation of a pre-trial order.

So Ordered.