OPINION OF THE COURT
John S. Lockman, J.
Ordered that this motion by defendant for summary judgment and cross motion by plaintiffs for leave to amend the complaint and to discontinue a previous action are determined as set forth below.
Search warrants were executed and property seized from *91 the plaintiffs on December 2, 1975. Plaintiff Traína claims $2,600 was seized, defendant alleges that the amount was $2,321. Plaintiff Tannuzzio claims that $16,000 was seized, defendant alleges that the amount was $14,783. Apparently the criminal charges against the plaintiffs were dropped in October, 1976. However, a codefendant was prosecuted and convicted and he appealed his conviction. In November, 1977, plaintiffs commenced an action to recover their property. In their answer defendants allege that the plaintiffs had failed to comply with section 50-e of the General Municipal Law in that they had failed to file a notice of claim. The codefendant’s appeal was decided on February 6, 1978. The current action was commenced in July of 1978. The complaint in this action alleges that the prior complaint which was never dismissed constituted a notice of claim under section 50-e of the General Municipal Law.
While in their answers to both complaints the defendants concede that the property in question was never used in evidence, they assert that they were entitled to retain possession until the criminal action against the codefendant was finally terminated on February 6, 1978. The possession by the defendants being lawful until the codefendant’s appeals were resolved, no cause of action accrued until February 6, 1978. (Kamienska v County of Westchester, 39 Misc 2d 750.) The issue to be decided may thus be simply stated: "Did the summons and complaint in the prior action constitute a proper notice under section 50-e of the General Municipal Law?”
A summons and complaint may constitute a notice under section 50-e. of the General Municipal Law. (Quintero v Long Is. R. R., 31 AD2d 844.) Defendants contend, however, that inasmuch as the summons and complaint in the prior action were served before the accrual of a cause of action, they can have no force or effect. Defendants rely on Kamienska v County of Westchester (supra) where it was held that a summons and complaint served before the accrual of a cause of action could not constitute compliance with section 50-e of the General Municipal Law. In Kamienska, however, the action commenced by the premature summons and complaint had been dismissed prior to the accrual of the cause of action. Here, in contrast, defendants’ answer claimed that the property was contraband and alleged a failure to comply with section 50-e of the General Municipal Law. Defendants have *92 never previously contended that the summons and complaint were premature nor sought a dismissal on that ground. In any event, on or about February 6, 1978 when the cause of action accrued the parties were already litigating plaintiffs’ claims so that defendants certainly had an adequate opportunity to investigate its merits while the facts were still fresh. (See Sandak v Tuxedo Union Free School Dist. No. 3, 308 NY 226, 232.) The purpose underlying section 50-e of the General Municipal Law was thus served in this case unlike Kamienska (supra) where the dismissal of the original summons and complaint returned the defendant to its state of repose.
Therefore, the defendants’ motion for summary judgment upon the ground that no notice was served pursuant to section 50-e of the General Municipal Law is denied and summary judgment is granted in favor of plaintiffs’ as to defendants’ second affirmative defense. The defendants motion to dismiss the complaint pursuant to CPLR 3211 (subd [a], par 4) is denied as moot. The plaintiffs’ cross motion to discontinue the prior action is granted. The plaintiffs’ cross motion to amend pursuant to sections 50-c and 50-g [sic] of the General Municipal Law is denied without prejudice to renewal upon papers which contain the proposed amended complaint.