656 P.2d 646

**In the Matter of 1969 CHEVROLET, 2–DOOR, I.D. NO. 136379K430353, LICENSE NO. PSH 616.**

**Carl MOORE, Petitioner/Appellee,**

v.

**STATE of Arizona, Respondent/Appellant.**

**No. 1 CA–CIV 5654.**

Court of Appeals of Arizona, Division 1, Department B.

Dec. 7, 1982.

Robert K. Corbin, Atty. Gen. by Robert F. Ellig, Asst. Atty. Gen., Phoenix, for respondent/appellant.

Community Legal Services by Deedra Sparling, Phoenix, for petitioner/appellee.

## OPINION

GREER, Judge.

In this appeal we determine the measure of damages an individual is entitled to when his automobile has been unlawfully forfeited to and sold by the State of Arizona. The facts necessary to our determination are as follows.

On July 7, 1976, Arizona Department of Public Safety Officer Hughes and Phoenix Police Department Officer Ryan were notified by police radio that petitioner, Carl Moore, had been indicted for selling heroin and was to be arrested. A short while later the two officers saw Moore driving his

automobile, the 1969 Chevrolet which is the subject of this action. The officers stopped Moore and arrested him. Officer Ryan thereafter conducted an inventory search of Moore's car and found a balloon of heroin on the floor. Moore was again arrested, this time for possession of heroin, and his car seized.

On July 26, 1976, Officer Hughes initiated forfeiture proceedings on behalf of the Department of Public Safety and State of Arizona, pursuant to A.R.S. § 36–1043.[1] On February 24, 1977, the trial court ordered the automobile forfeited to the State of Arizona and vested all right, title and interest therein to the state. Carl Moore appealed the court's judgment of forfeiture on March 15, 1977. The car was thereafter sold at a Sheriff's auction on May 17, 1977, for $255.00. Of the $255.00 received, $111.50 was deducted for sheriff and county attorney fees, and the balance of $143.50 paid to the Arizona State Treasurer for deposit in the State General Fund.

On February 27, 1979, this court reversed the judgment of forfeiture and remanded the matter with directions to order the vehicle returned to Mr. Moore. *In re One 1969 Chevrolet 2-door, I.D. No. 136379K430353, License No. PSH–616,* 121 Ariz. 532, 591 P.2d 1309 (App.1979). Due to the fact that his car had been sold, Moore filed a motion requesting the court to join Maricopa County and to determine whether the State of Arizona or Maricopa County was liable to Moore and in what amount. Finally, on September 19, 1980, judgment was entered against the State of Arizona in the amount of $600.00, fixed by the court as the fair market value of Moore's car at the time of seizure.

From this judgment the state makes two arguments on appeal. First, that the State of Arizona was never made a party to this action, and therefore, the court did not have "sufficient jurisdiction" to grant a judgment against the state. Second, that Mr. Moore is only entitled to the amount by which the state was unjustly enriched.

With regard to the state's first argument, the assistant attorney general contends that the forfeiture petition, although filed in the name of the State of Arizona, was nevertheless instituted on behalf of Maricopa County. Thus, because the state was never a party to the action, he argues, it never had an opportunity to present its case to the court. He buttresses this argument by pointing out that the Maricopa County Attorney's Office prosecuted the forfeiture proceeding, and that although the action was instituted by the Arizona Department of Public Safety, a state agency, an attorney for the state never authorized the action.

We disagree. The state's argument stems, in part, from a misunderstanding of the concordant roles of the State Attorney General's Office and the numerous county attorney offices. It is clear that the two offices coordinate their efforts at law enforcement; a county attorney often represents the State of Arizona, and the State Attorney General's Office may represent the various Arizona counties. See A.R.S. § 41–101(A)(8) and A.R.S. § 11–532.

■ The County Attorney's Office is charged with the duty of prosecuting forfeitures accruing to the State of Arizona. A.R.S. § 11–532(A)(4). A.R.S. § 36–1041 *et seq.* clearly indicates that the forfeiture of Mr. Moore's car accrued to the State of Arizona. Thus, although the Maricopa County Attorney's Office prosecuted the forfeiture action, it did so on behalf of the State of Arizona. This should become clear when it is recognized that all profits from the sale of the forfeited item are distributed to the State Treasurer. A.R.S. § 36–1047(A)(2). Therefore, the state was indeed a party to the action and was fully represented by the Maricopa County Attorney's Office.

■ The state's contention that Officer Hughes did not have authority to initiate the forfeiture petition, and that "there is no evidence that he was instructed to initiate the action by an attorney representing the

---

1. All references to the forfeiture statutes are    prior to the recent amendments.

State of Arizona," is not persuasive. A.R.S. § 36–1043 requires an officer who seizes a vehicle transporting narcotics to file a notice of seizure and intent to institute forfeiture proceedings. There is no requirement that the State Attorney General's Office must first authorize the petition. We would point out, however, that a deputy county attorney did in fact sign the petition herein.

Turning to the state's second argument, it does not contend that it is in any way immune from liability.[2] Instead, it objects to the method by which damages were calculated. The state relies on the *Restatement of Restitution*, § 1, in arguing that Moore is entitled only to that amount by which the state has been unjustly enriched. It would calculate that amount as follows:

| $255.00 | (Amount vehicle sold for at auction) |
|---|---|
| 61.00 | (Sheriff's fees) |
| $193.50 | |
| 50.00 | (County Attorney fees) |
| $143.50 | (Amount deposited in State Treasury) |

Section one of the *Restatement* applies to those situations where the transferee of the chattel is guilty of no wrongdoing. The state contends that it could not have been guilty of any wrongdoing because it was acting under color of law. It relies heavily on *Kamienska v. County of Westchester*, 39 Misc.2d 750, 241 N.Y.S.2d 814 (1963) to support its position. In *Kamienska,* the New York District Attorney's Office seized currency alleged to be gambling monies in the course of a gambling raid. Following arrest and prior to acquittal, the defendant filed an action alleging that the state had

illegally converted his money, and demanded its return. In discussing the seizure of the money the court stated:

> Since the Deputy Sheriffs and Assistant District Attorney were then acting under claim or color of authority in the course of enforcement of the penal laws ..., and there is no showing ... *that they were acting wholly without legal justification,* the taking was not tortious and no cause of action in conversion then accrued to the plaintiffs.
>
> ....
>
> ... Continued detention thereafter does not thereby become a conversion, where the original taking and possession were lawful ....

*Id.,* 241 N.Y.S.2d at 818–819 (emphasis added).

The fatal distinction between the instant case and *Kamienska* is the New York court's finding that the original taking and possession were lawful. In the case at bar, this court has already held that the search and seizure upon which the forfeiture was based was unlawful. *One 1969 Chevrolet 2-door, supra.* Thus, the officer's seizure, although in good faith, was nevertheless wrongful. Accordingly, it is our opinion that section one of the *Restatement of Restitution* is inapplicable to the instant case.

Section 74 of the *Restatement of Restitution* contemplates a situation similar to the case at bar:

> A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if

2. It is clear that the state may be responsible for tortuous wrongdoings. *State v. Superior Court of Maricopa County,* 123 Ariz. 324, 599 P.2d 777 (1979).

Although not raised as an issue by the state, in order to dispel any concern that the trial court lacked jurisdiction because Moore did not comply with the statutory provisions for suing the state, A.R.S. § 12–821, we would point out that that statute is inapplicable to the instant situation. A.R.S. §§ 12–821—12–826 applies only to negligence and contract claims against the state. The instant case involves neither. This does not mean Moore is without a remedy. Our supreme court has held that "since Art. 2,

section 17 of the Constitution of the State of Arizona prohibiting the taking or damaging of private property without just compensation is self-executing, an injured party must be compensated even though the Legislature has not established a specific procedure therefor." *State v. Leeson,* 84 Ariz. 44, 47, 323 P.2d 692, 695 (1958); *City of Yuma v. Lattie,* 117 Ariz. 280, 572 P.2d 108 (1977). Thus, because the forfeiture issue was already properly before the trial court, we are of the opinion the court had jurisdiction to go one step further and order restitution upon learning that Moore's car had been sold.

the judgment is reversed or set aside
. . . .

And, section 154 of the *Restatement of Restitution* sets forth what we think is the proper measure of damages in the instant case:

> Where a person is entitled to restitution from another because of an innocent conversion, the measure of recovery for the benefit thus received is, at the election of the claimant, the value of property, (a) at the time of the conversion . . . .

 It is well settled in Arizona that the tort of conversion consists of "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Shartzer v. Ulmer*, 85 Ariz. 179, 184, 333 P.2d 1084, 1088 (1959); *Scott v. Allstate Insurance Company*, 27 Ariz.App. 236, 553 P.2d 1221 (1976); *Western Coach Corporation v. Kincheloe*, 24 Ariz.App. 55, 535 P.2d 1059 (1975). Furthermore, the intent required is not necessarily a matter of conscious wrongdoing. *Sterling Boat Company, Inc. v. Arizona Marine, Inc.*, 134 Ariz. 55, 653 P.2d 703 (App. 1982). It is rather an intent to exercise a dominion or control over the goods which is in fact inconsistent with plaintiff's rights. *Id.* We hold that the State of Arizona's conduct constituted a conversion of Mr. Moore's car. Thus, under the *Restatement* rule, Moore is entitled to restitution equal to the fair market value of his car at the time of taking.

This method of calculating damages is consistent with prior Arizona case law. In *United Producers and Consumers Cooperative, Inc. v. O'Malley*, 103 Ariz. 26, 436 P.2d 575 (1968), the plaintiff successfully prosecuted an action for replevin of a cotton picker pursuant to A.R.S. § 12–1301 *et seq.* The issue on appeal was the proper measure of damages. The supreme court pointed out that under A.R.S. § 12–1310 the usual measure of damages in a replevin action is the value of the article at the time of trial, plus damages for its wrongful detention.

The court went on to reason that, "[w]here . . . the property is not in the possession of the defendant at the time of trial, the rule becomes inapplicable and the value must be measured as of the wrongful taking or detention." *Id.* at 27, 436 P.2d at 576.

Accordingly, we hold that the trial court correctly entered judgment against the state for the fair market value of the automobile at the time of its seizure.[3]

 Finally, we must deny Moore's request for attorney fees pursuant to Rule 25, Ariz.Rules Civ.App.Proc. That rule provides for the imposition of attorney's fees where the appeal is frivolous or taken solely for the purpose of delay. Although we question the advisability of pursuing this appeal in light of the nominal amount of money involved, it did raise an issue of concern to the state under the forfeiture statutes. Thus, we cannot classify the appeal as spurious or frivolous, and must therefore deny the request. *Allstate Insurance Company v. Industrial Commission*, 126 Ariz. 425, 616 P.2d 100 (App.1980).

For the foregoing reasons, the judgment is affirmed.

FROEB, P.J., and GRANT, J., concur.

---

**3.** Moore did not raise, and we do not address, the issue of whether he would be entitled to

incidental damages.