opinion of the court
Richard L. Price, J.
Defendant Krauskopf moves to dismiss the complaint on the ground the plaintiffs commenced their action without giving the appropriate prior notice to the Comptroller of the City of New York, as required by section 394a-1.0 of the Administrative Code of the City of New York.
The motion is denied.
On or about August 18, 1983, plaintiffs commenced a purported combined action and CPLR article 78 proceeding against the defendants. It was instituted by order to show cause, seeking injunctive relief reinstating day care services for plaintiff Tomeka King, pending the outcome of the petition. The injunctive relief was granted on August 25, 1983.
Defendant cross-moved to dismiss the petition or to convert it to solely an article 78 proceeding. By stipulation dated September 22,1983, all parties converted the matter into a civil rights action, and the motion to dismiss was withdrawn.
Plaintiffs allege that on October 13, 1983, they first presented to the City of New York (City) and to the *660 Corporation Counsel a document which, in their “Amended Supplemental Complaint” plaintiffs alternately refer to as a “demand for the damages relief that plaintiffs seek” and a “notice of claim”. The record includes no exhibit or facsimile of the alleged “demand” or “notice”.
On December 5, 1983, plaintiff served upon the Comptroller and the Corporation Counsel the instant complaint which merely refers to the original complaint. Defendant urges that the action was commenced without the benefit of 30 days’ prior notice to the Comptroller, as required by section 394a-1.0 of the Administrative Code.
The original complaint was served upon the City on August 18, 1983. Service of a 90-day notice upon the City or the Corporation Counsel constitutes constructive notice upon the Comptroller, for purposes of both section 50-e of the General Municipal Law and section 394a-1.0 of the Administrative Code. (Ferrara v City of New York, 187 Misc 478.)
A 90-day notice under section 50-e is a condition precedent to suit. (Siegel, NY Prac, § 32.) Of itself, therefore, the August 18, 1983 action could not constitute a 90-day notice, but a complaint, which such notice should precede.
On September 22, 1983, however, all of the parties signed a stipulation converting the August 18,1983 papers into a new complaint. Where parties continue to litigate issues arising out of the same transaction or occurrence, a prior summons and complaint constitute a notice of claim under section 50-e of the General Municipal Law. (Quintero v Long Is. R. R., 31 AD2d 844; Tannuzzio v O’Brien, 104 Misc 2d 90.) Between August 18, 1983 and September 22, 1983, the City had over 30 days to consider the claim. When a new action was stipulated to on September 22, the August 18 papers effectively became a prior action. Under Quintero and Tannuzzio, the summons and complaint in the August 18 action therefore became a 90-day notice. Under Ferrara, service upon the City of a 90-day notice suffices as the notice to the Comptroller, required under section 394a-1.0 of the Administrative Code. Thus, the prior August 18 papers constituted a section 394a-1.0 *661 notice to the Comptroller. Between August 18 and September 27, the requisite 30 days passed between the service of the notice, and the institution of the claim.
It is clear that the Comptroller had the opportunity to consider the claim for 30 days. The September 22 stipulation implies that all parties agree that the City had access to the August 18 papers for that period of time. Therefore, the section 394a-1.0 requirement that such notice be given and later alleged in the complaint as a condition precedent to suit has been satisfied.
Plaintiffs have therefore sufficiently met the notice requirements of the Administrative Code. The action may proceed and the motion is denied.