Telina NELSON, a minor, by George A. SENTENEY, Guardian ad Litem, Gerald Nelson and Sherry Nelson, Plaintiffs,

v.

F.W. WOOLWORTH COMPANY and Travelers Insurance Company, Defendants-Third Party Plaintiffs-Appellants,

and

Bunnan Tong and Company, Ltd., Third Party Defendant-Appellee.

No. 85–1654.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1985.

Decided April 25, 1986.

See also, 7th Cir., 717 F.2d 1120.

Frank L. Steeves, Milwaukee, Wis., for defendant-third party plaintiffs-appellants.

Barrett J. Corneille, Bell Metzner & Gierhart, S.C., Madison, Wis., for third party defendant-appellee.

Before BAUER, CUDAHY and FLAUM, Circuit Judges.

CUDAHY, Circuit Judge.

F.W. Woolworth Co. ("Woolworth") ordered a shirt through Bunnan Tong Co. ("Bunnan Tong") that ignited and injured one of the plaintiffs. This diversity case concerns whether Woolworth or Bunnan Tong should bear the costs of settlement for those injuries. The District Court for the Western District of Wisconsin found that Bunnan Tong was not liable for any of the plaintiffs' claims against Woolworth. Woolworth appeals, contending that the district court ignored the indemnity agreement between the parties. We affirm.

On October 28, 1978, four-year-old Telina Nelson was severely injured when she ignited a flannel shirt she was wearing with a butane lighter. The shirt had been purchased from defendant-third party plaintiff-appellant F.W. Woolworth Co. at its Rice Lake, Wisconsin store. The shirt was manufactured in Hong Kong. Bunnan Tong was Woolworth's purchasing agent in Hong Kong and had helped Woolworth secure a manufacturer there. The two companies had done business for over 40 years.

Telina Nelson's shirt was one of 4,000 dozen that Woolworth had ordered through Bunnan Tong in 1976. As part of that deal Woolworth had sent its buying representative to Hong Kong to select the fabric and arrange for the specifications, such as the labeling and packaging of the shirts. Woolworth's specifications also required that two sample shirts be sent to the United States for testing for compliance with federal and company flammability requirements. The shirts were found in compliance.

The 1966 contract between Woolworth and Bunnan Tong, which was renewed in 1976, contained an indemnity provision which specified that Bunnan Tong:

> ... agree[s] to stand behind all of the merchandise which you [Bunnan Tong] have furnished to us [Woolworth], which you are now furnishing to us, or which you may furnish to us—at any future date—and you agree that you will hold us harmless in regard to any claims, which may be made against us—by anyone involving this merchandise, or its sale by us, except for any claims arising from fault or negligence on our [Woolworth's] part.

In addition, the 1976 purchase order contained a second indemnification clause which provided:

> In accepting this order, shipper (or seller) agrees to indemnify, save harmless and defend F.W. Woolworth Company against any claim or action involving this merchandise or arising out of its sale or possession by F.W. Woolworth Company

and against any loss or damage or expense incurred by F.W. Woolworth Company in connection therewith.

In June 1982, Nelson through her guardian brought suit against Woolworth and Bunnan Tong, along with Park Industries, Inc., the manufacturer of the butane lighter, and United Garment Manufacturing Company, the manufacturer of the shirt. The suit alleged that both the lighter and the shirt were made with design defects that made the products unreasonably dangerous. Woolworth filed a cross-claim against Bunnan Tong and asked Bunnan Tong to assume its defense pursuant to the indemnity agreement. Although making no allegations of Woolworth's negligence, Bunnan Tong refused.

Bunnan Tong also refused two later tenders of Woolworth's defense. Woolworth eventually settled with plaintiffs for $1.3 million, while Bunnan Tong settled for $7,500. Woolworth continued to try to recoup the amount of the settlement and costs from Bunnan Tong. Woolworth moved for summary judgment. The district court denied this motion because Bunnan Tong contended that the fact of Woolworth's possible negligence remained in dispute. At the time the motion was made, Bunnan Tong argued before the court that, "To the extent that it is found that the certain garment was not in compliance with local standards for flame retarded garments, then F.W. Woolworth must share some of the blame with the parents." (Excerpts from November 14, 1984 hearing, Appellants' Appendix at 144).

The case eventually went to a bench trial. Woolworth presented two fabric experts who testified that the flannel met stringent national and company standards. Bunnan Tong presented no independent testimony of its own but offered a deposition summary of plaintiffs' expert, Robert Johnson, who stated that the product was unsafe and failed to provide adequate warning of its flammability.

The court found for Bunnan Tong. In reaching its conclusion, the court noted that Johnson's deposition illustrated how Woolworth might potentially have been at fault. Johnson had stated, *inter alia,* that the shirt burned with intense heat and flame, was difficult to extinguish, did not contain available flame retardants, and carried no warning label. Thus, the court held that "the potential liability to the plaintiffs faced by Woolworth flowed from its conduct and its conduct alone."

Noting that the indemnity provision governs unless Woolworth is negligent and arguing that no finding of negligence was ever made, Woolworth asks this court to reverse the district court's ruling. We find the district court's finding supportable as well as fair in light of the evidence before it and therefore affirm.

## I.

Looking solely at the indemnity provisions in the buying agreement and purchase order, Woolworth contends that "BUNNAN TONG did not agree to indemnify WOOLWORTH simply for claims caused by BUNNAN TONG. BUNNAN TONG agreed to hold harmless and defend WOOLWORTH from any claims from anyone involving any aspect of the merchandise as long as they were not caused by WOOLWORTH'S negligence." (Appellant's Brief at 25–26). Woolworth also argues that in agreeing to these provisions, Bunnan Tong assumed the burden for paying for claims unless it could prove Woolworth's fault or negligence. While Bunnan Tong told the court that Woolworth may have shared the blame with Telina Nelson's parents for her injuries, Woolworth notes that Bunnan Tong offered no independent testimony demonstrating fault. Therefore, Woolworth concludes, its summary judgment motion was, in essence, unopposed and should have been granted by the District Court. Moreover, to the extent that the court made any findings of fact against the company, Woolworth believes these were clearly erroneous.

Summary judgment is, of course, addressed to the discretion of the court. *See McLain v. Meier,* 612 F.2d 349, 356 (8th Cir.1979), and the trial court is given wide

latitude in determining whether entry of summary judgment in a particular situation is appropriate. *See Fine v. City of New York,* 71 F.R.D. 374 (S.D.N.Y.1976). Therefore, it was within the court's power to deny appellant's motion and allow the issues to be further developed at trial.

Nor do we find the trial court's ultimate determinations to be clearly erroneous. Woolworth points to one clause in the purchase order and buying agreement and concludes that the intention was plain that Bunnan Tong would indemnify unless it could show that Woolworth was at fault or negligent.

Under the applicable Wisconsin law, parties may certainly negotiate indemnity agreements. *See Dykstra v. Arthur G. McKee & Co.,* 92 Wis.2d 17, 284 N.W.2d 692 (1979). In construing such agreements, the language of the contract is an important tool. *See Matter of Watertown Tractor & Equipment Co., Inc.,* 94 Wis.2d 622, 637–38, 289 N.W.2d 288, 295 (1980). But to look at the language of the contract does not mean only to examine the language of one provision. Rather, the entire contract must be considered, together with the relationship between the parties.

In looking at the buying agreement as a whole, it becomes clear that Bunnan Tong did not intend to assume responsibility for judgments for damages (or settlements in lieu of judgments) attributable to Woolworth's conduct. In clause 1(d) of the contract, Bunnan Tong agreed to conform to all Woolworth's specifications, to meet United States' standards and to arrange for safe packaging. (*See* Appellants' Appendix, at pp. 101–05). In clause 1(f), Bunnan Tong agreed to assume the burden of negotiating with the manufacturer for any defective merchandise, even for defects found after Woolworth's receipt and resale. The indemnity provision discussing Bunnan Tong's liability for all claims except those arising from Woolworth's fault or negligence came next. Later clauses established shipping terms and required Bunnan Tong to find a reputable manufacturer who would adhere to Woolworth's specifications.

The contract as a whole suggests that Bunnan Tong expected to be responsible for its own conduct. It also suggests that Bunnan Tong agreed to assume responsibility for certain third parties' actions, such as the manufacturer's or shipper's. The only provision that discusses Bunnan Tong's responsibility for Woolworth's conduct is the clause stating that Bunnan Tong would not be liable for Woolworth's fault or negligence.

Bunnan Tong had to perform to Woolworth's specifications. Had it not, it would have been liable for breach of contract. It is unlikely that it also intended to assume any costs caused by adhering to these specifications. After all, Bunnan Tong is a relatively small, foreign purchasing agent, not Woolworth's insurance company or underwriter.

Bunnan Tong performed its tasks as required. Nothing in the record suggests that Bunnan Tong in any way deviated from Woolworth's specifications. The decisions that ultimately led to Telina Nelson's injuries were made exclusively by Woolworth. Woolworth selected the fabric and determined that it would be manufactured without flame retardants. Woolworth decided to market the shirts without a label warning of flammability. The shirt was sold at a Woolworth store. In fact, Woolworth drafted the clause that it now says binds Bunnan Tong. Under these circumstances, we do not believe that it was Bunnan Tong's obligation to conclusively demonstrate Woolworth's fault or negligence nor was it Bunnan Tong's responsibility to pay for conduct over which it had no control.

The district court opinion is therefore AFFIRMED.