WILLIAM LOWENSTEIN, as Trustee in Bankruptcy of MEYER REIKES, Respondent, *v.* ANNIE REIKES, Defendant.

KOMMEL & ZUCKER, Appellants.

(Submitted February 9, 1932; decided March 3, 1932.)

*Louis M. Kommel* for appellants. An order under section 587 of the Civil Practice Act can only be directed against one who is a party to the action or who is an assign or privy to the party in the action. ((*Habeler* v. *Myers,* 132 N. Y. 363.) Where a client obtains money under a judgment or order and turns same over to his attorney in payment of fees owing, and thereafter such judgment or order is reversed, restitution can only be directed against the client and not against the attorney. (*Langley* v. *Warner,* 3 N. Y. 327; *Thaxter* v. *Thain,* 100 App. Div. 488; *Millfield Realty Co.* v. *Day, Inc.,* 257 N. Y. 515.)

*Jacob M. Zinaman* for respondent. The transfer of the property, while the *lis pendens* was on record, was wrongful, and appellants, as attorneys, having participated in such wrongful transfer and having received the moneys paid as a consideration therefor, should be required to deposit the same in place of the property. (Civ. Pr. Act, § 587; *Forstman* v. *Schulting,* 108 N. Y. 110; *Wilmerdings* v. *Fowler,* 14 Abb. Pr. [N. S.] 249; *Pincus* v. *Pincus,* 211 App. Div. 128.)

*Per Curiam.* Plaintiff, a trustee in bankruptcy, brought an action in the Supreme Court to set aside a conveyance of real property made by the bankrupt to the defendant, Annie Reikes, his wife. The court at Special Term dismissed the complaint, and while an appeal was pending, the wife who had already made a contract for the sale of the property, delivered a deed and received the purchase price, which was paid to her agents, the appellants, members of the bar. Of the amount so received ($4,432.28), the appellants paid out $814.25 for brokers' commissions, taxes and other charges, and retained the balance, $3,618.03, for legal services rendered to their client in this suit and in others.

The Appellate Division, upon the appeal by the trustee in bankruptcy, reversed the judgment of dismissal. During the pendency of that appeal, the notice of *lis pendens* had remained of record, uncanceled. The appellants might have given an undertaking in accordance with Civil Practice Act, section 586, for the payment of any damages suffered by reason of the appeal. In that event, the defendant would have been stayed from disposing of the property. No such undertaking was given.

After the decision of the Appellate Division, which left the action still pending, for it had to do with nothing except the form of the complaint, the plaintiff made this motion for an order of restitution directed to the defendant and to the appellants, her attorneys. We are concerned at this time with the rights of the attorneys only.

The sale of the property during the pendency of the appeal was not a wrongful act. The plaintiff might have made it wrongful, or at all events ineffective, by filing an undertaking in accordance with the statute (Civ. Pr. Act, § 586), but this he refrained from doing. There is, therefore, nothing in the argument that the attorneys became wrongdoers by co-operating in the sale and receiving the purchase price. We assume that they like their client might have been compelled after the reversal of

the judgment to make restitution of the proceeds if they were holding the purchase price as her custodians or agents. The difficulty is that whatever is in their hands is held in their own right, paid and retained in satisfaction of a claim for services. There is nothing in this record to impugn the good faith of their claim or to indicate that the consideration was anything but fair and honest. If the claim is a mere cover, there are other remedies available. Upon payment of the purchase price the legal title to the money became vested in the seller. The remedy of restitution is not available against her transferees and creditors to nullify her use of it (*Millfield Realty Co.* v. *Catena*, 257 N. Y. 515; *Langley* v. *Warner*, 3 N. Y. 327).

The order should be reversed with costs, and the motion denied.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Order reversed, etc.