ST. MARY'S CHURCH, GLOUCESTER, PETITIONER, v. THE MAYOR AND COMMON COUNCIL OF GLOUCESTER CITY ET AL., DEFENDANTS.

Argued June 6, 1938—Decided June 17, 1938.

Before Justice Donges.

For the petitioner, *Charles C. Cogan.*

For the defendants, *Vincent deP. Costello.*

DONGES, J. This is a rule to show cause why a writ of restitution should not issue commanding the defendants, city of Gloucester and its treasurer, to refund to the petitioner all moneys heretofore paid by it on account of a street paving assessment against cemetery lands owned by petitioner, together with interest.

The paving assessment in question was levied early in the year 1927. On May 19th, 1927, the petitioner made a payment of $1,522.78 and on June 4th, 1930, a further payment of $204.72. No further payments were made and on February 7th, 1938, as the result of steps taken or threatened to be taken by the petitioner seeking the issuance of a writ of *certiorari* to review the assessment, the common council passed a resolution cancelling the assessment. Petitioner now seeks a writ of restitution to compel the repayment of the sums above mentioned.

I am of the opinion that a writ of restitution cannot issue under the circumstances here presented. At common law the writ was one exercised by the appellate tribunal as incidental to its power to correct errors. *Haebler* v. *Myers,* 132 *N. Y.* 363. Its object was to restore to the appellant the specified thing or its equivalent, of which he had been deprived by the enforcement of the judgment against him during the pendency of his appeal. It is issued in the same suit in which relief against the erroneous judgment is obtained. "When a party to a cause has obtained money or property under or by virtue of a judgment which is afterwards reversed, the court has power to compel restitution by summary proceedings *in that cause." Horton* v. *Hayden,* 88 *N. W. Rep.* 146. "The right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established. *And while the subject of the controversy and the parties are before the court, it has jurisdiction to enforce restitution* and so far as possible to correct what has been wrongfully done." *Baltimore and Ohio Railroad Co.* v. *United States,* 279 *U. S.* 781; 73 *L. Ed.* 954.

There never has been a proceeding in this court respecting this assessment. There is no judgment here setting the

assessment aside. The "controversy and the parties" have never been before this court. It is my view that the writ of restitution can issue from a court only in aid of a judgment of that court theretofore entered, and cannot be the object of an original proceeding to give relief where the legal relationship of the parties has not been determined by a judgment of the court.

Petitioner argues that it is entitled to restitution where the assessment has been set aside in a judicial proceeding and that the action of the common council was judicial in character, citing *Ocean Grove* v. *Bradley Beach,* 91 *N. J. L.* 364. But if that proceeding was judicial in character, it did not result in a judgment in this court, and this court does not issue its process in aid of judgment of other courts.

I am of the opinion that a writ of restitution should not issue from this court to compel the return of sums paid in part payment of a challenged assessment where there has been no proceeding in this court to test the validity of the assessment and where it has been set aside by the action of the municipality itself. The other questions need not be considered.

The rule to show cause is discharged.