ELIZABETH BRUNS, COMPLAINANT-RESPONDENT, v. ROSAMOND MATTOCKS AND MARY C. RITTENBUSCH, INDIVIDUALLY AND AS ADMINISTRATORS WITH THE WILL ANNEXED OF THE ESTATE OF FREDERICK W. MATTOCKS, DECEASED, DEFENDANTS, AND MINNIE SELVIN, DEFENDANT-APPELLANT.

Argued April 11, 1949—Decided April 25, 1949.

*Mr. George F. Losche* argued the cause for the complainant-respondent.

*Mr. George Heftler* (*Messrs. Platoff & Platoff,* attorneys) argued the cause for Minnie Selvin, defendant-appellant.

The opinion of the court was delivered by

CASE, J. The appeal is from a decree in the former Court of Chancery advised by a Vice-Chancellor who decided the matter on the pleadings and a study of the exhibits, a transcript of the testimony and the briefs of counsel. The Vice-Chancellor who heard the proofs and the oral arguments retired before rendering decision. The bill sought to compel a reconveyance to the complainant of a plot of land with building which had been conveyed out by her to a nominee of Frederick W. Mattocks, an attorney-at-law, and through mesne conveyances, all of them instrumentalities of Mattocks or of Bruns, had, for a valuable consideration, come into the ownership of Mrs. Minnie Selvin. The court found that Mattocks was Mrs. Bruns' attorney; that he had acquired an adverse interest in the property which he favored without notice to his client; that Mrs. Selvin was not an innocent purchaser in that she knew of the complainant's possession and occupancy of the property and, having failed to make inquiries of complainant, was chargeable with knowledge of the latter's claim. The decree directed a reconveyance by Selvin to Bruns upon terms and charged Selvin with counsel fees and costs in favor of the complainant. The decree ran also against Mattocks, now deceased, but need not be considered in this respect as there is no appeal from that por-

tion of the decree. We have reappraised the proofs and have come to the following conclusions of fact and of law.

The property consisted of a lot of land measuring 47 by 60 feet containing a small cement-block one-story building formerly used as a power-transmitting station. Bruns had contracted to purchase it from the Public Service Electric and Gas Company at a price said to have been $3,400 but upon which she was credited with $340, called a broker's commission, leaving due as cash purchase price $3,060, which was not immediately procurable. That sum was finally advanced by Mattocks and was used to acquire title. Bruns was financially embarrassed. There were judgments against her, and more were threatened. Mattocks, her lawyer, advised that, because of that fact, she had best form a corporation. She agreed. A corporation was accordingly formed—E. Bruns, Inc.—on May 17, 1941. The Public Service Electric and Gas Company was requested to make the conveyance to Frederick W. Mattocks but refused upon the ground that the contract, which called for a conveyance to Bruns, had been approved and the deed ordered to be made to her by the board of directors and that any other course would require new corporate action. Therefore, the plans were changed, and title was necessarily taken by Bruns in her own name, but under the same motivation, she immediately executed and delivered a mortgage in the sum of $3,400 to Jessie B. Mattocks, wife of Frederick W. Mattocks, and a deed for the property to Alexander S. Fisher, subject to the Jessie B. Mattocks mortgage. Mrs. Mattocks and Fisher were nominees of Frederick W. Mattocks. The deed to Bruns and the mortgage and deed out of her were executed on the same day, and in effect as a single transaction, June 14, 1941. The mortgage actually bears date June 13, 1941. On October 14, 1941, Fisher and wife conveyed to E. Bruns, Inc., which forthwith conveyed to Mattocks. The corporate deed was attested and acknowledged by Bruns as treasurer of the corporation. On July 22, 1943, Mattocks and wife conveyed to Selvin for $2,800 cash consideration. With the exception of the money paid to Public Service Electric and Gas Company by Mattocks

and the money paid by Selvin to Mattocks there was no consideration for any of the conveyances. All of the taxes from the time the title left the Public Service Electric and Gas Company until it entered Selvin were paid by Mattocks.

Bruns was a real estate broker and had been since 1921; she was thoroughly familiar with real estate transactions; she knew the nature of a deed and of a mortgage. She knew that the title was put out of her name because of real or asserted claims against her. The transaction was not one that arose and was entered upon on the spur of the moment; it was planned in advance. There was the forming of the corporation in anticipation of putting the title directly in it, although that plan somewhat miscarried for the reason stated. Before Bruns signed the deed putting the title in Mattocks' nominee, there was, according to her testimony, this occurrence: "Judge Mattocks said, 'I think it will be a good idea if you don't take the property in your name' because I have that case against me where the man claimed the commission * * * so he said, 'I think it will be a good idea if I take the property in my name and hold this property in trust for you,' and I said, 'All right, judge, if you think that is best for me I will do it.'" She undertsood that the assigned purpose for putting the title out of her name, was to protect her from her creditors, and she agreed to it. She not only knew of the forming of the corporation; she utilized the corporate entity by procuring a broker's license in the corporate name and doing business thereon. The office was in the small building mentioned above. Two years after title had been taken from the Public Service Electric and Gas Company and immediately conveyed to Mattocks' nominee, Bruns was called upon to testify, June 24, 1943, in supplementary proceedings in aid of execution under a judgment obtained against her by one Lawrence H. Rubel, the purpose of the examination being to learn of property rights in Bruns subject to levy. Bruns testified that she owned no real estate anywhere; that the property now under discussion was owned by Judge Mattocks; that the title had to pass through her because that was the contract but that

every bit of the money that went into the property came from Judge Mattocks and that he took title the same day. Asked whether she paid Judge Mattocks any rent, she testified that she was "under obligation to Judge Mattocks for being in that property" and that she would try to make good on that obligation as soon as she could. She further testified that Judge Mattocks paid the taxes; that there were judgments against her other than the one involved in that suit; that there was no other real estate that anyone held for her or in which she had an interest; that she had not bought any real estate within the three years then last past; that she had no stocks of value in any corporation and that she was not interested in any corporation that owned real estate. It is clear that Bruns caused title to the property to be transferred to Mattocks for the purpose of hindering, delaying and defrauding her creditors. It is inequitable that she should prevail against an innocent purchaser for value who has been misled by that cheat. Mrs. Selvin had no actual knowledge of an attorney-client relationship between Mattocks and Bruns or of any trust obligation from the one to the other or of any interest by Bruns in the property. The only ground for imputing constructive notice is that she had knowledge of the possession of the premises by the complainant but made no inquiry of her.

The principle that the possession of land is notice to others of the possessor's title is intended to protect only equitable rights, and not to cover the possessor's fraud or to protect him where he is without equity. *Groton Savings Bank v. Batty,* 30 *N. J. Eq.* 126 (*Ch.* 1878). It is subject to the qualification that the occupier of the property should be required to refrain from doing anything having an illusive tendency with respect to ownership. *Lathrop v. Groton Savings Bank,* 31 *N. J. Eq.* 273, 285 (*E. & A.* 1879); *Collier v. Pfenning,* 34 *N. J. Eq.* 22 (*Ch.* 1881).

Complainant, with a fraudulent motive, endeavored to hide from the world the information that she had or claimed any interest in the premises and as a means to that end divested herself on the public records and otherwise of any showing of interest. Her efforts were successful. She may not now,

in a court of equity, undo the title of an innocent purchaser for value upon the theory that the latter did not penetrate the screen by seeking out and questioning her in person.

The record will be remitted to the Superior Court, Chancery Division, to the end that the decree under appeal be reversed as to the present appellant and the bill be dismissed as to her.

*For reversal*—Chief Justice VANDERBILT, and Justices CASE, HEHER, BURLING and ACKERSON—5.

*For affirmance*—None.