6 N.J. Super. 174 (1950)
70 A.2d 780
ELIZABETH BRUNS, COMPLAINANT-APPELLANT,
v.
ROSAMOND MATTOCKS AND MARY C. RITTENBUSCH, INDIVIDUALLY AND AS ADMINISTRATORS WITH THE WILL ANNEXED OF THE ESTATE OF FREDERICK W. MATTOCKS, DECEASED, DEFENDANTS, AND MINNIE SELVIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 3, 1950.
Decided January 13, 1950.
*175 Before Judges JACOBS, DONGES and BIGELOW.
Mr. George F. Losche argued the cause for the appellant.
Mr. Harold Kolovsky argued the cause for the respondent (Messrs. Platoff & Platoff, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from that part of a judgment entered in the Chancery Division which directed that George F. Losche, attorney, return the sum of $415.45 theretofore paid to him by the defendant-respondent, Minnie Selvin.
The complainant, Elizabeth Bruns, obtained a decree in the Court of Chancery which contained a provision directing the defendants, Frederick W. Mattocks and Minnie Selvin, to pay taxed costs including a counsel fee of $750, of which half was to be paid by each defendant. Under date of March, 1949, the attorneys for defendant, Minnie Selvin, addressed *176 a letter to complainant's counsel, George F. Losche, which enclosed their client's check in the sum of $415.45 representing one-half of the taxed costs and which stated that "We wish to call your attention to the fact that if we should be successful on the appeal, we shall expect the return of the counsel fee and taxed costs paid by our client." Mr. Losche accepted the check and made no objection to the provision in the letter. On the appeal by Minnie Selvin the Supreme Court reversed the decree of the Court of Chancery as to her. See Bruns v. Mattocks, 2 N.J. 83 (1949). Thereafter, upon motion duly made and served upon George F. Losche, a judgment of reversal was entered in the Chancery Division which contained a provision directing that "the complainant, Elizabeth Bruns, and George F. Losche, Esq., her attorney" forthwith return the sum of $415.45 theretofore paid by the defendant Minnie Selvin to George F. Losche pursuant to the decree of the Court of Chancery.
On July 5, 1949, a notice was filed that "plaintiff Elizabeth Bruns appeals" to the Appellate Division from the judgment entered in the Chancery Division. However, no attack is now made on the judgment to the extent that it directs refund by Elizabeth Bruns although George F. Losche, as appellant, does assert error in so far as the judgment directs him to make refund. Since the only notice of appeal which has been filed does not disclose any appeal by him from the judgment against him, his contention might well be dismissed without more; we have, however, considered it on the merits.
The appellant's contention that he is not obligated to make refund is grounded upon his position that in legal contemplation the taxed costs were paid to the complainant Elizabeth Bruns and that he was never a party to the proceedings. On the other hand, the respondent asserts that, under the decisions of our courts, the taxed costs were the property of Mr. Losche, payable to him (Kristeller v. First National Bank of Jersey City, 119 N.J.L. 570, 572 (E. & A. 1938)), and that, at least for present purposes, he may be treated as a party to the proceedings. Lane v. Rushmore, 125 N.J. Eq. *177 310, 314 (E. & A. 1939); cert. denied, 307 U.S. [636], 637, 83 L.Ed. 1518 (1939).
In United States v. Morgan, 307 U.S. 183, 197, 83 L.Ed. 1211, 1221 (1939), Mr. Justice Stone stated the general rule to be that "What has been given or paid under the compulsion of a judgment the Court will restore when its judgment has been set aside and justice requires restitution." See St. Mary's Church v. Gloucester City, 120 N.J.L. 420, 421 (Sup. Ct. 1938); Restatement, Restitution (1937). § 74. The obligation to make restitution may be enforced by summary application in the action in which the erroneous judgment was entered. St. Mary's Church v. Gloucester City, supra; Globe Indemnity Co. v. Puget Sound Co., 154 F.2d 249, 250 (C.C.A.2d 1946). Under appropriate circumstances the foregoing has been applied not only against the immediate parties but also against their attorneys who had been paid taxed costs and counsel fees. Thus, in Forstman v. Schulting, 108 N.Y. 110, 15 N.E. 366 (Ct. of App. 1888), the Court exercised its summary jurisdiction to direct refund by an attorney who received and retained costs under an order which was subsequently reversed. Chief Judge Ruger pointed out that "Both parties and attorneys, who, through the aid of the court, have come into possession of property or money during a litigation which subsequent proceedings in the action show was either wrongfully acquired or unjustly retained, may be compelled to restore it to the rightful owner, by order and attachment to enforce such restoration." In Pincus v. Pincus, 211 App. Div. 128, 206 N.Y.S. 599 (App. Div. 1924), the Court applied the doctrine of the Forstman case to compel refund by an attorney of the counsel fee paid to him pursuant to a judgment which was subsequently reversed.
In the instant matter the taxed costs were paid under compulsion of the decree and with an accompanying provision by the respondent, to which the appellant never voiced objection, that their return would be expected in the event of a reversal on appeal. The appellant continued as counsel on the appeal and, after the reversal, received notice and appeared *178 on the application for the entry of a judgment on reversal including a direction that the appellant refund the taxed costs paid to him. It seems clear to us that the appellant may properly be considered as a party to this application and that the judgment of restitution entered against him was dictated by the interests of justice and was in accordance with recognized principles of law.
The judgment is affirmed.