THOMAS FERREL HARRIS v. JIM STACY RACING, INC.

HARRY HYDE v. JIM STACY RACING, INC., A CORPORATION

No. 8119SC37

(Filed 1 September 1981)

1. **Appeal and Error § 64— judgment reversed—no parties to the record—restitution not required**

    Where defendant's property was sold pursuant to a judgment, the sales proceeds were disbursed in partial payment of the judgment and costs, and the judgment was subsequently reversed on appeal, defendant was not entitled to compel restitution from parties and entities, other than plaintiff, who were not parties to the record.

2. **Appeal and Error § 6.2— judgment not final—no appeal**

    Where defendant's property was sold pursuant to a judgment for plaintiff, the sales proceeds were disbursed in partial payment of the judgment and costs, the judgment was subsequently reversed, defendant sought to compel restitution of the sums disbursed by motion in the cause, and the motion was denied "pending ultimate determination of plaintiff's claims and defendant's counterclaims," defendant's appeal from denial of the motion was improper, since the trial court's judgment and order contained no provision that it was a "final judgment" and that there was no just reason for delay, nor was it in fact a final judgment disposing of all the claims of plaintiff and defendant.

APPEAL by defendant from *Wood, Judge.* Judgment and order entered 1 October 1980 in Superior Court, CABARRUS County. Heard in the Court of Appeals 3 June 1981.

Defendant appeals from denial of its motion to compel restitution and an accounting.

*Tucker, Hicks, Sentelle, Moon and Hodge, P.A., by John E. Hodge, Jr., for plaintiff appellee, Thomas Ferrel Harris.*

*Grant & Hastings, P.A., by Randell F. Hastings, for defendant appellant.*

WHICHARD, Judge.

[1] Plaintiff, Thomas Ferrel Harris, was granted summary judgment for the balance due on defendant's note. Defendant appealed, but did not obtain a stay of execution. During pendency of the appeal, plaintiff executed on the judgment. Defendant's property was sold; and the sales proceeds, together with a cash bond

posted to secure costs, were disbursed in partial payment of the judgment and costs. A portion of the proceeds was disbursed to John E. Hodge, Jr., plaintiff's attorney, in payment of counsel fees. A further portion was disbursed to John Boger, Jr., attorney for Cabarrus County, in payment of costs. The remainder was disbursed to plaintiff.

This Court thereafter reversed the summary judgment.[1] Defendant, by motion in the cause, now seeks to compel restitution of the sums disbursed, together with an accounting, from the following: plaintiff; plaintiff's attorney, John E. Hodge, Jr.; the Sheriff of Cabarrus County, J. B. Roberts; and the attorney for Cabarrus County, John Boger, Jr. The trial court denied the motion. The judgment and order provides—as to plaintiff's attorney, John E. Hodge, Jr.; his law firm, Tucker, Hicks, Sentelle, Moon, and Hodge, P.A.; the Sheriff of Cabarrus County, J. B. Roberts; the county attorney, John Boger, Jr.; and Cabarrus County—that it "is a final judgment as to the claims of defendant against these parties for the entry of which there is no just reason for delay." As to plaintiff, the judgment and order provides that the motion is denied "pending ultimate determination of plaintiff's claims and defendant's counterclaims."

It was stipulated that the above-named persons and entities, other than plaintiff, were not parties to the action and had not been served with process. The judgment and order recites, however, that at the hearing on the motion John E. Hodge, Jr., appeared for himself and his firm, and John Boger, Jr., appeared for the sheriff and county. Nothing in the record indicates that they appeared to seek dismissal for lack of *in personam* jurisdiction. Such jurisdiction can derive from voluntary appearance. *See In re Peoples*, 296 N.C. 109, 144, 250 S.E. 2d 890, 910 (1978), *cert. denied* 442 U.S. 929 (1979); *In re Blalock*, 233 N.C. 493, 64 S.E. 2d 848 (1951). The court thus had jurisdiction, by virtue of voluntary appearances, to make the entries relating to these persons and entities. Further, these entries are immediately appealable by virtue of the provision that, as to them, the judgment is final and "there is no just reason for delay." G.S. 1A-1, Rule 54(b).

A party to the record must, upon reversal of a judgment, restore any benefits received thereunder. This rule is limited,

---

1. Unpublished opinion dated 15 July 1980.

however, to parties to the record, and ordinarily does not extend to third persons to whom portions of the benefits have been distributed. "[A]ll proceedings taken under the judgment are dependent for their validity on the judgment being sustained—when it is reversed or set aside, *the party to the record* who has received the benefit thereof must make restitution to the other party of money or property received under it." 5 Am. Jur. 2d, *Appeal and Error* § 997 (1962) (footnotes omitted) (emphasis supplied). However,

> [t]he right to or liability for restitution *is ordinarily restricted to the parties to the record.* If plaintiff pays over to a third person the proceeds of a sale made under the judgment or decree reversed, the money cannot ordinarily be recovered from that person; the defendant is restricted to recovery against the judgment creditor or his privies.

*Id.* § 999 (footnotes omitted) (emphasis supplied).

In *Bank of United States v. Bank of Washington*, 31 U.S. (6 Pet.) 8, 8 L.Ed. 299 (1832), a firm obtained a judgment against the Bank of Washington, executed thereon, and collected. The proceeds were deposited in the United States Bank to reduce certain indebtedness of the firm. The United States Supreme Court subsequently reversed the judgment, and the Bank of Washington sued the United States Bank for restitution of the sums it had received. The Court denied recovery. It noted that the law raises an obligation in *the party to the record* who has received the benefit of the erroneous judgment to make restitution to the other party for what he has lost, but that as to third persons whatever was done under the judgment while it remained in full force and effect is binding. *Id.* at 16-17, 8 L.Ed. at 303-304; *see also Great American Indemnity Company v. Dauzat*, 157 So. 2d 308 (La. App. 1963) (restitution from plaintiff's husband and attorney not required because they were not parties to the original suit); *Little v. Bunce*, 7 N.H. 485, 494 (1835) ("the general rule [is] that there is no remedy for restitution against any one who is not a party to the record.")

Here, the persons and entities named in the judgment and order, other than plaintiff, are not parties to the record. Hence, that portion of the judgment and order denying the motion to compel restitution and an accounting from them is proper.

[2]   As to plaintiff: The motion was denied "pending ultimate determination of plaintiff's claims and defendant's counterclaims." The judgment and order contains no provision that it is a "final judgment" for the appeal of which "there is no just reason for delay." G.S. 1A-1, Rule 54(b). Nor is it, in fact, a final judgment disposing of all the claims of plaintiff and defendant. *Id.* It does not affect a substantial right of defendant or in effect determine the action. G.S. 1-277, G.S. 7A-27. The appeal, then, as to this portion of the judgment and order, is properly dismissed as interlocutory. *See Investments v. Housing Inc.*, 292 N.C. 93, 232 S.E. 2d 667 (1977).

The result is:

As to the portion of the judgment and order denying the motion to compel restitution and an accounting from John E. Hodge, Jr.; Tucker, Hicks, Sentelle, Moon and Hodge, P.A.; John Boger, Jr.; the Sheriff of Cabarrus County; and Cabarrus County, affirmed.

As to the portion of the judgment and order denying the motion to compel restitution and an accounting from plaintiff, Thomas Ferrel Harris, appeal dismissed.

Chief Judge MORRIS and Judge WEBB concur.