[No. 17967–5–I.   Division One.   July 29, 1987.]

*In the Matter of the Marriage of* SARAH L. MASON,
*Petitioner, and* JOSEPH MASON, *Respondent,*
ROBERT SCHMITT, *Appellant.*

*Karl E. Malling,* for appellant.

*Robert H. Stevenson,* for respondent.

AGID, J.*—Attorney Robert Schmitt appeals a trial court order of restitution entered against him after the court of appeals reversed an order which had granted him attorney's fees in a proceeding to modify a dissolution decree. We affirm.

Sarah and Joseph Mason were divorced in 1978. In 1981 they filed cross petitions to modify the dissolution decree. The parties stipulated to a change in custody of one of their minor children and went to trial on the issue of whether Sarah's subsequent remarriage terminated Joseph's maintenance obligation. The superior court denied Joseph's petition to terminate the maintenance and awarded Sarah's then–counsel, Robert Schmitt, three–

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

fourths of the attorney's fees she had incurred in the modification proceedings. Joseph appealed, and this court reversed. *In re Marriage of Mason*, 40 Wn. App. 450, 698 P.2d 1104, *review denied*, 104 Wn.2d 1017 (1985). In so doing, this court specifically vacated the award of attorney's fees to Robert Schmitt.

Rather than post a supersedeas bond while the appeal of his petition to terminate maintenance was pending, Joseph paid Robert Schmitt the attorney's fees ordered by the trial court. The fees were payable and paid directly to Schmitt pursuant to RCW 26.09.140, which provides in part:

> The court may order that the attorney's fees be paid directly to the attorney who may enforce the order in his name.

After receiving payment, Schmitt executed a release of lien and satisfaction of judgment in his own name.

After this court's 1985 decision, Joseph moved for an order of restitution against Sarah Mason and Robert Schmitt. The trial court granted the motion, and only Schmitt appeals.

The question to be resolved is whether the superior court may properly order restitution of sums paid to an attorney under a judgment pursuant to RCW 26.09.140, when that judgment and the award of attorney's fees is subsequently reversed on appeal. This case presents what appears to be an issue of first impression in Washington. The parties have cited no Washington cases directly on point, and our research has not uncovered any.

RAP 12.8 provides:

**EFFECT OF REVERSAL ON INTERVENING RIGHTS**

> If a party has voluntarily or involuntarily partially or wholly satisfied a trial court decision which is modified by the appellate court, the trial court *shall* enter orders and authorize the issuance of process appropriate to restore to the party any property taken from that party, or the value of the property. An interest in property acquired by a *purchaser in good faith,* under a decision subsequently reversed or modified, shall not be affected by the reversal or modification of that decision.

(Italics ours.)

■ Schmitt argues that the restitution order should not have been entered against him because he was not a party to the original action. RAP 12.8 does not impose such a requirement. The only person required to be a party by the rule is the person in whose favor the restitution order is issued. In the underlying action, Joseph was a party to the modification proceeding. Pursuant to the trial court's order, he paid three–fourths of his ex–wife's attorney's fees. Joseph was, therefore, "a party [who] has voluntarily . . . wholly satisfied a trial court decision". Since that decision was "modified" (*i.e.*, reversed) by this court, RAP 12.8 requires the trial court to enter an order restoring that property to Joseph.

■ In addition, in this instance Schmitt was actually a judgment creditor in his own right, and Joseph paid him directly. Schmitt therefore became a party for purposes of RAP 12.8 by virtue of the court's order entered pursuant to RCW 26.09.140.

Schmitt relies upon two cases from other jurisdictions wherein attorneys were permitted to retain a portion of the proceeds of the sale of property which was the subject of litigation, even though the underlying judgments were subsequently reversed. *Lowenstein v. Reikes*, 258 N.Y. 444, 180 N.E. 113 (1932); *Harris v. Jim Stacy Racing, Inc.*, 53 N.C. App. 597, 281 S.E.2d 455 (1981). Schmitt also cites Restatement of Restitution § 74, comment *h* (1937):[1]

[An attorney] is under no duty to repay money which he received on account of the judgment creditor and which he retains as payment for services or for a debt owed by the judgment creditor to him (see Illustration 20) since he received the money as a bona fide purchaser. . . .

[1] Restatement of Restitution § 74 (1937) provides:

"A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable or the parties contract that payment is to be final; if the judgment is modified, there is a right to restitution of the excess."

Illustrations.

> 20. A obtains a valid judgment against B for $3000. B pays the amount of the judgment to C, A's attorney. At A's direction C expends $1000 to satisfy A's creditors and retains $2000 as compensation for his services in this suit and in previous ones. Upon reversal of the judgment, B is not entitled to restitution from C.

Neither comment *h* nor the cited cases are factually the same as this case. In each of those cases and in the illustration to comment *h,* the attorney receiving fees retained a portion of the proceeds of a sale in compensation for his fees and passed the remaining proceeds on to his client. In none of these cases was the attorney paid directly pursuant to a judgment requiring the opposing party to pay the attorney fees and naming the attorney as a judgment creditor in his own right.

Schmitt's argument that he is a purchaser in good faith under RAP 12.8 and the Restatement is without merit. Although Mrs. Mason was represented by a different attorney on appeal, Schmitt as her trial attorney had notice of the appeal. In addition, as an attorney, he would naturally be aware of the possibility of appeal and reversal. One who has notice and is not a stranger to a transaction cannot be a purchaser in good faith. *See Miebach v. Colasurdo,* 102 Wn.2d 170, 685 P.2d 1074 (1984) (regarding purchaser at execution sale). *See also Transamerica Ins. Group v. Adams,* 62 Or. App. 419, 661 P.2d 937 (1983) (attorney was on notice that fee award would be set aside if settlement was set aside, therefore restitution against attorney upheld).

In addition, restitution is proper under general equitable principles. The Restatement of Restitution § 74, comment *k* (1937) sets forth the principle which applies in this case:

> Restitution against other parties. After the reversal of a judgment any person who, although not a party to the action, was a real party in interest and who received payment in whole or in part as the beneficial owner or as one of several owners, is under a duty to restore the amount received by him.

■ At least two courts have held that the equitable remedy of restitution may include restitution of fees paid to attorneys as a result of court decisions, later reversed, which had been paid by the opposing party pursuant to the reversed order. *Bruns v. Mattocks*, 6 N.J. Super. 174, 70 A.2d 780 (1950); *Transamerica Ins. Group v. Adams, supra*. We adopt the principles relied on by the New Jersey court in *Bruns v. Mattocks, supra* at 177:

> In *United States v. Morgan*, 307 U. S. 183, 197, 83 L. Ed. 1211, 1221 (1939), Mr. Justice Stone stated the general rule to be that "What has been given or paid under the compulsion of a judgment the Court will restore when its judgment has been set aside and justice requires restitution."

In summary, restitution of the attorney's fees ordered in this case is a matter of right under RAP 12.8. The rule does not require that the person against whom the restitution order is entered be a party to the underlying dispute. Even if it did, Robert Schmitt may properly be considered a party for purposes of the restitution order. Schmitt was a judgment creditor in his own right pursuant to the trial court's order under RCW 26.09.140, and he was paid directly by Joseph Mason, the judgment debtor. Finally, the superior court had discretion under general equitable principles to enter its restitution order after this court's decision vacating the earlier award of attorney's fees. Judicial discretion is abused only when no reasonable person would have taken the action of the trial court. *State v. Pascal*, 108 Wn.2d 125, 139, 736 P.2d 1065 (1987). No such abuse occurred here.

The trial court's order of restitution against Robert Schmitt is affirmed.

Durham and Revelle, JJ. Pro Tem., concur.

Review denied by Supreme Court November 4, 1987.