927 A.2d 149 (2007)
394 N.J. Super. 421
Elizabeth BERNOSKIE, Administratrix ad Prosequendum as General Administratrix of the Estate of Charles Bernoskie, Deceased, Plaintiff-Respondent,
v.
Robert ZARINSKY, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued May 22, 2007.
Decided July 10, 2007.
Clifford N. Kuhn, Jr., Edison, argued the cause for appellant (Mr. Kuhn and Clara S. Licata, Glen Rock, on the brief).
Rubin M. Sinins, Newark, argued the cause for respondent (Javerbaum, Wurgaft, Hicks & Zarin, attorneys; Kenneth S. Javerbaum, Springfield, on the brief).
Before Judges SKILLMAN, HOLSTON, JR. and GRALL.
The opinion of the court was delivered by
*151 GRALL, J.A.D.
This appeal is from a post-judgment order in a civil action denying defendant's motion for return of funds plaintiff collected on a judgment that was reversed on appeal because the trial court erred in concluding that the statute of limitations was equitably tolled. See Bernoskie v. Zarinsky, 383 N.J.Super. 127, 141, 890 A.2d 1013 (App.Div.), certif. denied, 186 N.J. 604, 897 A.2d 1059 (2006). We hold that defendant is entitled to restitution and remand for further proceedings.
The facts pertinent to our decision are as follows. Forty years after the death of plaintiff Elizabeth Bernoskie's husband, a jury returned a verdict requiring defendant Robert Zarinsky to pay $2,500,000 on plaintiff's wrongful death claim and $7,000,000 on her survivorship claim. See id. at 134, 890 A.2d 1013. The judge awarded pre-judgment interest in the amount of $1,307,561.60.
Subsequently, defendant moved for a stay of judgment pending appeal. The judge denied that motion. The denial was based on the judge's finding that defendant made "no proffer that . . . a bond or cash deposit is or can be posted" and did not show good cause for relaxation of the obligation to secure the judgment. See R. 2:9-6. The order denying defendant's stay was entered on October 10, 2003.
Plaintiff's attorney sought discovery and learned of an account in defendant's name with a balance of $154,033.58. The account was held by T. Rowe Price. On February 6, 2004, plaintiff obtained an order requiring T. Rowe Price to surrender the funds and all interest accrued to the date of surrender. On February 20, 2004, defendant moved before this court for a stay pending appeal. By letter dated February 27, 2004, T. Rowe Price complied with the order and sent plaintiff's attorney a check in the amount of $154,143.25. On March 11, 2004, plaintiff's attorney filed a response to defendant's motion for a stay with this court. On March 18, 2004, the motion panel denied defendant's application for a stay as moot.
On February 10, 2006, this court issued its decision on the merits of defendant's appeal from the judgment. Bernoskie, supra, 383 N.J.Super. at 127, 890 A.2d 1013. Because the delay between plaintiff's husband's death and the trial impaired defendant's ability to present a defense, we reversed the judgment and dismissed the complaint. Id. at 135-47, 890 A.2d 1013.[1] The Supreme Court denied plaintiff's petition for certification on April 13, 2006. 186 N.J. 604, 897 A.2d 1059.
Defendant moved before the trial court for an accounting and return of the funds T. Rowe Price surrendered pursuant to the trial court's order. In opposition to that motion, plaintiff's attorney provided an accounting, in which he explained that he had deducted expenses in the amount of $6,183.26 and a counsel fee of $50,653.33 from the $154,143.25 and forwarded the remaining $97,306.66 to plaintiff. He also reported that he had recovered an additional $810.38 held by the Unclaimed Property Division of the Department of Treasury, from which he deducted expenses of $442.25 and a counsel fee of $122.71 and forwarded the remaining $245.52 to plaintiff. From the counsel fees he had retained, the attorney paid a fee of $16,884.44, one-third, to the attorney who referred plaintiff's case to him.
The judge denied defendant's motion for return of funds. In an oral opinion of May *152 12, 2006, the court reasoned that defendant's failure to post the security needed to secure a stay of the judgment precluded his recovery of the funds plaintiff obtained pursuant to a judgment and order. This appeal followed.
This court's decision in Bruns v. Mattocks, 6 N.J.Super. 174, 176-77, 70 A.2d 780 (App.Div.), certif. denied, 4 N.J. 456, 73 A.2d 212 (1950), required the trial court to grant restitution to the extent permitted by the equities. In addition, that decision permitted the court to treat the attorney, who accepted fees from the funds recovered on the judgment, as a party for purposes of defendant's motion. See ibid.
The rule enunciated in Bruns is clear. "What has been given or paid under the compulsion of a judgment the court will restore when its judgment has been set aside and justice requires restitution." United States v. Morgan, 307 U.S. 183, 197, 59 S.Ct. 795, 802, 83 L.Ed. 1211, 1221 (1939); see Bruns, supra, 6 N.J.Super. at 177, 70 A.2d 780 (quoting Morgan). "A person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable." Restatement (First) of Restitution § 74 (1937); see Bruns, supra, 6 N.J.Super. at 177, 70 A.2d 780 (citing Section 74 of the Restatement (First)).[2]
Restitution on reversal of a judgment is dictated by principles of fairness to the parties and public policy concerns. Between the parties, while the proceeds were obtained lawfully pursuant to a judgment then valid, retention after reversal of that judgment unjustly enriches the recipient. See Bruns, 6 N.J.Super. at 176-77, 70 A.2d 780. As a matter of policy, there is a "need to remedy [a] misapplication of the coercive force of legal process" and avoid discouraging compliance with lawful orders not stayed pending appeal. See Restatement (Third) of Restitution and Unjust Enrichment § 18 comment e (Tentative Draft No. 1, April 1, 2001).
While the courts of our state have not revisited the question of restitution following reversal of a civil judgment since Bruns, the Supreme Court addressed a question raising similar issues of equity in In re Increase in Fees by New Jersey State Board of Dentistry, 84 N.J. 582, 423 A.2d 640 (1980). In that case, the Court considered "whether a State agency [that] collects fees under the authority of a rule that is judicially invalidated is obligated to refund monies collected in excess of its statutory authority." Id. at 584, 423 A.2d 640. Noting that "one of the cardinal principles of the common law, requir[es] restitution to prevent unjust enrichment," the Court held that "[b]asic principles of honesty and equity mandate" a refund to prevent the agency from "enrich[ing] itself unjustly at the expense of" those who paid the illegal fees. Id. at 586-87, 423 A.2d 640. That holding is based on the equitable principles analogous to those considered in Bruns. Compare Restatement (First), supra, § 75 (restitution where government assessment was void and payment compelled) with id. at § 74 comment b (noting that the court issuing the judgment has the "power to remedy the consequences *153 of its error"); see Moss v. Civil Aeronautics Bd., 521 F.2d 298, 304 (D.C.Cir.1975) (noting that "`an agency, like a court, can undo what is wrongfully done by virtue of its order'") (quoting United Gas Improvement Co. v. Callery Props., 382 U.S. 223, 229, 86 S.Ct. 360, 364, 15 L.Ed.2d 284, 289 (1965)).
The continued validity of the rule applied by this court in Bruns is not in doubt. In decisions more recent than Bruns, the Federal Circuit Courts of Appeal and the courts of other states have applied Section 74 of the Restatement (First) in considering whether funds paid on a judgment that has been reversed should be restored. See, e.g., Strong v. Laubach, 443 F.3d 1297, 1300 (10th Cir. 2006); Mohamed v. Kerr, 91 F.3d 1124, 1126 (8th Cir.1996); Isidor Paiewonsky Assocs., Inc. v. Sharp Properties, Inc., 998 F.2d 145, 152 (3d Cir.1993); Alaska Native Tribal Health Consortium v. Settlement Funds Held for E.R., 84 P.3d 418, 428 (Alaska 2004); In re 1969 Chevrolet, 2-Door, 134 Ariz. 357, 656 P.2d 646, 649-50 (Ct.App.1982); Pond v. McNellis, 845 N.E.2d 1043, 1056-1058 (Ind.Ct.App.2006); Reil v. State Compensation Mut. Ins. Fund, 254 Mont. 274, 837 P.2d 1334 (1992); Merchants Mut. Ins. Co. v. Newport Hosp., 108 R.I. 86, 272 A.2d 329, 332-334 (1971); State v. A.N.W. Seed Corp., 116 Wash.2d 39, 802 P.2d 1353, 1356-1357 (1991); cf. Keller v. O'Brien, 425 Mass. 774, 683 N.E.2d 1026, 1031-1032 (1997) (referencing Section 74 of the Restatement (First) but declining to require restitution of alimony paid pursuant to an order that was reversed in a decision establishing a new rule of law).
Plaintiff argues that defendant's motion for restitution was properly denied on the ground that defendant did not post a bond, secure the judgment with a deposit into court or obtain a stay. That argument ignores the rationale for restitution upon reversal of a judgment, which is the inequity of allowing a party to retain what he or she would not have but for a judgment later determined to be unlawful and the untoward result of allowing a party to retain what was acquired by force of that judgment.
In accordance with the rationale for restitution following reversal, the general rule is that failure to post a bond and obtain a stay is not determinative. See Restatement (First), supra, § 74 comment b (noting that "upon a reversal of the judgment anything paid by way of settlement can be recovered from any person not a bona fide purchaser . . . although the payor could have obtained a supersedeas or stay of execution"). Payment, even a payment made without an order authorizing execution on the judgment, is deemed involuntary in "the sense that the payment is the performance of a legal duty existing at the time." Ibid. This is so unless there is an agreement that payment of the judgment will be final. Ibid.; see generally Restatement (Third), supra, § 18 comment c. There was no such agreement here.
Plaintiff's reliance on defendant's failure to secure a stay is particularly troublesome in this case. Defendant sought a stay in the trial court. Moreover, when the funds in question were surrendered by T. Rowe Price both an appeal from the judgment and a motion for stay pending appeal were pending in this court. Thus, defendant's attempt to obtain a stay and filing of a notice of appeal clearly gave plaintiff and her attorney notice that the judgment was at risk.
Plaintiff also argues that the principle of restitution following reversal of a judgment applies in a limited class of cases that does not include the civil judgment at issue here. The rule is one of general application, limited by the equities implicated *154 in the particular case but not by the cause of action that gave rise to the improper judgment. See Atl. Coast Line R.R. Co. v. Florida, 295 U.S. 301, 309-10, 55 S.Ct. 713, 79 L.Ed. 1451 (1935); Restatement (First), supra, § 74 comment a.
Plaintiff argues that the equities do not favor defendant because her judgment was reversed and her complaint dismissed on a "technicality." The reason for the reversal is generally irrelevant. Restatement (First), supra, § 74 comment a. Moreover, this reversal was not based on a "technicality." It was required because the passage of forty years had impaired defendant's ability to defend against the allegation to such a degree that a fair determination of the merits could not be made. Bernoskie, supra, 383 N.J.Super. at 136-40, 890 A.2d 1013 (discussing the difficulties of proof). Thus, the judgment was reversed because the verdict was not reliable.
The unreliability of the verdict has an impact on the balance of the equities and the scope of the issues relevant to the equities. The jury's finding cannot add weight to plaintiff's side of the balance. Further, because delay impaired defendant from marshalling a defense, neither the judge who presided over the trial nor a judge in a proceeding on restitution could make a reliable finding that defendant was responsible for the death of plaintiff's husband. As we noted in Bernoskie, the balance of equities relevant to tolling of the statute of limitations in this case would have been different had defendant not been acquitted of criminal charges based on the same conduct that plaintiff alleged in the civil trial. Id. at 140, 890 A.2d 1013. The same is true with respect to the restitution defendant seeks here. See generally Restatement (Third), supra, § 18 comment e (discussing impropriety of restitution where a valid debt is found legally unenforceable due to expiration of a period of limitations).
Because the trial court erred in denying restitution on the basis of defendant's failure to secure a stay, we reverse and remand for further proceedings. Defendant asks this court to impose a constructive trust on the funds distributed to plaintiff, plaintiff's attorney and third parties. That issue was not determined by the trial court and a relevant record was not developed. For that reason, we do not address it. We note only that in Bruns, we permitted direct recovery by judgment against the attorney, without resort to a constructive trust, where the attorney received fees and taxed costs pursuant to a court order. 6 N.J.Super. at 176-77, 70 A.2d 780.
Reversed and remanded.
NOTES
[1] Plaintiff's complaint was filed in 1999, after defendant was indicted and charged with murdering plaintiff's husband in 1958. Id. at 131, 890 A.2d 1013. Defendant was acquitted after a trial on the indictment. Id. at 132, 890 A.2d 1013.
[2] In a proposed revision of the Restatement, the rule is formulated as follows:

A transfer or taking of property, in compliance with or otherwise in consequence of a judgment that is subsequently reversed or avoided, gives the disadvantaged party a claim in restitution to the extent necessary to avoid unjust enrichment.
[Restatement (Third) of Restitution and Unjust Enrichment § 18 (Tentative Draft No. 1, April 1, 2001)].