**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1953-15T3

KATHRYN ROBINSON,

    Petitioner-Respondent,

v.

FIRST ENERGY CORPORATION,

    Respondent-Appellant.

_____

         Argued February 7, 2018 – Decided August 2, 2018

         Before Judges Alvarez, Nugent and Currier.

         On appeal from the Department of Labor and
         Workforce Development, Division of Workers'
         Compensation, Claim Petition No. 2004-30601.

         Louis M. Masucci, Jr., argued the cause for
         appellant (Weiner Law Group, LLP, attorneys;
         Louis M. Masucci, Jr., on the brief).

         Danielle S. Chandonnet argued the cause for
         respondent (Shebell & Shebell, LLC, attorneys;
         Danielle S. Chandonnet, on the brief).

PER CURIAM

    This workers' compensation case comes before us a second

time, previously on petitioner Kathryn Robinson's appeal, now on

respondent First Energy Corporation's appeal.[1]  First Energy appeals from a December 10, 2015 order that denied its motion to recover disability and medical benefits it had paid on petitioner's behalf.  A Judge of Compensation ("JOC") denied First Energy's motion for two reasons: first, First Energy did not, but should have, filed an appeal or cross-appeal when petitioner appealed the final order of dismissal; second, requiring petitioner to repay the benefits would be inequitable and unjust.  We agree on both grounds and dismiss this appeal as untimely.

Petitioner had been employed by First Energy for thirteen years when she suffered the emotional injury for which she sought workers' compensation benefits.  The triggering event was her encounter with two other employees as she drove onto First Energy's employee parking lot to begin her work day.  The parking lot had two entry locations, but plaintiff routinely disregarded them and entered through a rear gate that company drivers used to exit the lot.  As petitioner drove in, she encountered two meter readers sitting in two pickup trucks, stopped side-by-side.  The meter

---

[1]  The pleadings filed in the Department of Labor, Division of Workers' Compensation, named the respondent there "First Energy Corporation."  In its answer to the claim petition, First Energy Corporation entered nothing in the section of the form answer entitled "Correct Name of Respondent If Incorrect."  For these reasons, we use the name, "First Energy Corporation," even though on appeal appellant has captioned its brief, "Jersey Central Power and Light Company I/P/A First Energy Corporation."

readers were talking, their pickup trucks facing petitioner's car and blocking its path of travel.

The ensuing events, including the reasons petitioner believed the meter readers presented a danger to her and the extent of her emotional reaction, are described in our opinion affirming the dismissal of petitioner's claim petition, <u>Robinson v. First Energy and Second Injury Fund</u>, No. A-0986-11 (App. Div. Sept. 11, 2014) (slip op. at 3-5), and we need not repeat them. We need only point out First Energy disputed a compensable accident had occurred.

Shortly after petitioner filed an Employee's Claim Petition, she filed a motion for temporary disability and medical benefits. A JOC held a hearing and found a compensable event had occurred. The JOC ordered First Energy to pay temporary disability benefits and provide petitioner medical care. First Energy filed a motion for leave to appeal and stay the JOC's order. The Appellate Division denied the motion.

First Energy began to pay the temporary disability and medical benefits. During the ensuing years, petitioner impleaded the Second Injury Fund (the "Fund"), and First Energy successfully moved to convert the temporary disability benefits to permanent disability benefits.

Six years after the first JOC's decision concerning disability and medical benefits, a second JOC conducted a hearing to determine the extent, if any, of petitioner's permanent injuries. The hearing was necessary because the Fund had not been a party at the time of the first hearing concerning disability and medical benefits. Contrary to the first JOC's determination, the second JOC determined petitioner had not met with a compensable accident. The second JOC also decided he had "no authority to review [the first JOC's] decision as an appellate court," and therefore did "not disturb [the] order," which was "no longer in effect due to the ending of active [medical] treatment and temporary disability payments." The JOC entered a final Order of Dismissal.

Petitioner appealed from the final order. First Energy did not. Instead, First Energy filed a Law Division complaint against petitioner to recover $249,259.40 it had paid on behalf of petitioner in the Division of Workers' Compensation. At the same time, First Energy filed a motion to proceed summarily to enter judgment against petitioner. Petitioner cross-moved to stay the Law Division proceedings pending her appeal. The Law Division judge denied both motions. The judge concluded that absent a JOC's finding petitioner had been unjustly enriched, the Superior

Court had no jurisdiction to grant a motion to proceed summarily and enter a judgment.

First Energy next filed a motion with the Appellate Division seeking a limited remand. The Appellate Division denied the motion. After the Appellate Division affirmed the final order dismissing petitioner's claim petition, First Energy filed a motion in the Division of Workers' Compensation seeking to reopen the case to obtain reimbursement of the benefits it had paid.

A third JOC denied the motion. The third JOC noted the first JOC's order concerning temporary disability and medical benefits was interlocutory. Thus, in 2005, when the Appellate Division so held, First Energy preserved its right to appeal the order concerning payment of temporary disability and medical benefits. In addition, the workers' compensation order converting temporary to permanent disability benefits "specifically preserved [First Energy's] right to appeal [the] order at the conclusion of the case by settlement or judgment." First Energy should have filed its appeal once a final order was entered dismissing petitioner's claim.

Notwithstanding his decision that First Energy's failure to timely appeal could be fatal, the third JOC addressed First Energy's unjust enrichment claim. He concluded it would be inequitable and unjust to order petitioner to repay the benefits.

The third JOC explained, "the Fund never is involved with temporary or medical benefits. Their sole function is in situations where petitioner is totally disabled based upon a pre[-]existing condition in conjunction with the last compensable accident." The JOC explained that in such situations the Fund "pay[s] permanent benefits after a period of time to relieve the respondent for paying all benefits for the remainder of petitioner's life." For that reason, and as evidenced by the second JOC's repeated reference to permanency in his opinion, the second JOC was required to revisit compensability solely as it affected his decision as to permanency.

The third JOC further noted the first and second JOCs gave contrary opinions concerning petitioner's credibility. Had First Energy timely appealed the first JOC's decision, case law and the appropriate standard of review would have required deference to his favorable credibility determination. The third JOC concluded petitioner was prejudiced by First Energy's failure to appeal from the final workers' compensation order, thereby depriving the Appellate Division of the opportunity to consider "all components of the claim together in an equitable sense."

Lastly, the third JOC noted that to prevail on a claim of unjust enrichment, First Energy was required to show petitioner's retention of the benefits would be unjust. Emphasizing the

remedial nature and broad application of the workers' compensation system, the JOC found it would be unjust to require repayment of $250,000 by a woman suffering from a very serious medical condition, "on Social Security Disability, indicative of her inability to work," who did "absolutely nothing wrong," and who was awarded benefits "pursuant to a court order after a full hearing" before "[a]n experienced [JOC]."

On appeal, First Energy acknowledges the Workers' Compensation Act, N.J.S.A. 34:15-1 to -146, does not include a provision that authorizes a JOC to order repayment of temporary disability and medical benefits, but argues petitioner will be unjustly enriched if she is not required to repay the benefits she received. First Energy also contends the third JOC misconstrued the underlying facts and misapplied the law.

Generally, "[a] person who has conferred a benefit upon another in compliance with a judgment, or whose property has been taken thereunder, is entitled to restitution if the judgment is reversed or set aside, unless restitution would be inequitable." Bernoskie v. Zarinsky, 394 N.J. Super. 421, 425 (App. Div. 2007) (quoting Restatement (First) of Restitution §74 (Am. Law Inst. 1937)). Here, the order upon which First Energy bases its claim for unjust enrichment has not been reversed or set aside. The second JOC expressly declined to do so. Moreover, we do not

disagree with the third JOC's decision that restitution under the circumstances of this case would be inequitable.

Even if restitution were not inequitable, however, First Energy's appeal must be dismissed as untimely. Appeals from final judgments of the Division of Workers' Compensation must be taken within forty-five days of their entry, R. 2:4-1(a), subject to certain exceptions not applicable to this case. A decision is "considered final if it disposes of all issues as to all parties." Silviera-Francisco v. Bd. of Educ., 224 N.J. 126, 136 (2016) (citing Petersen v. Falzarano, 6 N.J. 447, 452-53 (1951); In re Donohue, 329 N.J. Super. 488, 494 (App. Div. 2000)). Here, the second JOC's decision and order of dismissal disposed of all issues as to all parties.

A respondent may cross-appeal as of right. R. 2:3-4. "[T]his rule by its 'as of right' language leaves no doubt that once the judgment is appealed from, 'the entire assemblage of issues should be and is available for adjudication.'" Pressler & Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 2:3-4 (2018) (quoting Fortugno Realty Co. v. Schiavone-Bonomo Corp., 39 N.J. 382, 388 (1963)). A respondent may thus "cross-appeal the whole or any part of a judgment against any other party to the cause." Fortugno Realty Co., 39 N.J. at 388. "Fragmented and possible inconsistent results are thus avoided. In this manner only may substantial

justice be done, especially where the issues are manifold and the parties numerous." Ibid.

In the case before us, when petitioner appealed from the second JOC's final order of dismissal, First Energy should have cross-appealed to challenge the first JOC's order requiring payment of temporary disability and medical benefits. This is particularly so considering the second JOC refused to vacate the first JOC's decision and order. "[I]t is a well-established principle in this State that when the time for taking an appeal has run the parties to the judgment have a vested right therein which cannot subsequently be taken from them." In re Hill, 241 N.J. Super. 367, 371 (App. Div. 1990) (alteration in original) (quoting In re Pfizer, 6 N.J. 233, 239 (1951)). "Where the appeal is untimely, the Appellate Division has no jurisdiction to decide the merits of the appeal." Id. at 372 (citing Alberti v. Civil Serv. Comm'n, 41 N.J. 147, 154 (1963)).

As did the third JOC, we conclude First Energy should have filed an appeal or cross-appeal within forty-five days of the entry of the final order of dismissal in the Division of Workers' Compensation. Because it failed to do so, "the entire assemblage of issues" became final once petitioner's appeal was decided. See Fortugno, 39 N.J. Super. at 388. First Energy cannot avoid the

finality of the case by engaging in post-appeal motion practice in the trial court or the Division of Workers' Compensation.

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1953-15T3