2008 ND 233

**Sandra Helen GUSTAFSON, Plaintiff, Appellee and Cross–Appellant**

v.

**Donald Leslie GUSTAFSON, Defendant, Appellant and Cross–Appellee.**

No. 20080109.

Supreme Court of North Dakota.

Dec. 18, 2008.

Deann M. Pladson, Maring Williams Law Office, Fargo, N.D., for plaintiff, appellee, and cross-appellant.

Timothy J. McLarnan, McLarnan & Skatvold, PLLP, Moorhead, MN, for defendant, appellant, and cross-appellee.

SANDSTROM, Justice.

[¶ 1] Donald Gustafson appeals a district court divorce judgment awarding Sandra Gustafson $300 monthly permanent spousal support. Sandra Gustafson cross-appeals, alleging the district court erred in valuing the marital residence below the parties' stipulated value and in failing to

award her attorney's fees. We affirm the district court's valuation of the parties' Fargo house and its refusal to award attorney's fees to Sandra Gustafson, but reverse the district court's award of spousal support and remand for further proceedings.

I

[¶ 2] Donald and Sandra Gustafson were married in 1964. They have three adult children. Sandra Gustafson sued for divorce in March 2007, and the case was tried in December 2007. In January 2008, the district court issued its findings of fact, conclusions of law, and order for judgment. Sandra Gustafson moved for amended findings on the issue of valuation of the parties' Fargo house, which the district court denied, entering judgment in March 2008.

[¶ 3] The district court awarded Sandra Gustafson permanent spousal support of $300 per month and made an equal division of the parties' assets. Donald Gustafson received a net property award of $275,397, which included $126,909 in a retirement savings and investment plan, the balance of $14,715 in the parties' joint savings account, $10,036 in household goods and vehicles, the parties' Fargo house, valued by the court at a fair market value of $97,300, and a rental property in Rolla, North Dakota, valued at $26,437. Both parties testified to significant problems with both properties, and Donald Gustafson testified that the cost for the necessary repairs for the Fargo house would be between $20,000 and $30,000. Sandra Gustafson was awarded net property of $275,397, which included $269,887 in several retirement and pension assets and $5,510 in household goods and one vehicle. At trial, Sandra Gustafson testified that she withdrew $15,000 from the parties' joint savings account in connection with her moving out of the marital residence, and that she used some of the money to pay her attorney's fees.

[¶ 4] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 28–27–01.

II

[¶ 5] Donald Gustafson argues the district court erred in awarding Sandra Gustafson spousal support.

[¶ 6] In a divorce case, the district court "may require one party to pay spousal support to the other party for any period of time." N.D.C.C. § 14–05–24.1. The district court's spousal support decisions are findings of fact that will be set aside only if they are clearly erroneous. *Christian v. Christian*, 2007 ND 196, ¶ 7, 742 N.W.2d 819. A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, no evidence supports it, or, on the basis of the entire record, we are left with a definite and clear conviction a mistake has been made. *Id.* A district court may award permanent spousal support "when the economically disadvantaged spouse cannot be equitably rehabilitated to make up for the opportunities and development she lost during the course of the marriage." *Wagner v. Wagner*, 2007 ND 33, ¶ 8, 728 N.W.2d 318 (citation omitted). The district court must consider all the relevant factors under the *Ruff–Fischer* guidelines in determining spousal support. *Christian*, at ¶ 8; *Ruff v. Ruff*, 78 N.D. 775, 52 N.W.2d 107 (1952); *Fischer v. Fischer*, 139 N.W.2d 845 (N.D.

1966). The *Ruff–Fischer* guidelines require the consideration of:

> the respective ages of the parties, their earning ability, the duration of the marriage and conduct of the parties during the marriage, their station in life, the circumstances and necessities of each, their health and physical condition, their financial circumstances as shown by the property owned at the time, its value at the time, its income-producing capacity, if any, whether accumulated before or after the marriage, and such other matters as may be material.

*Christian,* at ¶ 8. The supporting spouse's needs and ability to pay as well as the receiving spouse's income and needs must be considered by the district court in deciding spousal support. *McDowell v. McDowell,* 2001 ND 176, ¶ 13, 635 N.W.2d 139. While a district court must consider a party's net worth and not solely the party's earned income in determining a party's ability to pay support, *id.,* it "should make a support determination consonant with the property distribution as the illiquidity or the lack of income producing capacity of property may work a disadvantage to one spouse." *Staley v. Staley,* 2004 ND 195, ¶ 14, 688 N.W.2d 182 (citation omitted). "Property division and spousal support are interrelated and intertwined and often must be considered together." *Kostelecky v. Kostelecky,* 2006 ND 120, ¶ 14, 714 N.W.2d 845.

[¶ 7] The district court's fact findings under the *Ruff–Fischer* guidelines do not favor a spousal support award for Sandra Gustafson. At the time of trial, Donald Gustafson was 67 years old and had been retired since 1990; Sandra Gustafson was 64 years old and had been employed at Cardinal Muench Seminary since 2000. The district court found Donald Gustafson's earning ability to be $1,200 per month in the form of social security benefits, and his monthly expenses roughly $1,200; Sandra Gustafson's earning ability was found to be $23,400 per year from her current employment, and her monthly expenses $2,429. The district court found that while Sandra Gustafson is in relatively good health, suffering from high blood pressure for which she takes medication, Donald Gustafson is in very poor health, having had coronary artery disease, a prior myocardial infarction, and bypass surgery. With respect to income-producing property, the district court found that the Rolla rental property and the retirement accounts are generating income. Donald Gustafson was awarded the Rolla house, which the parties testified needs repairs and has some title problems and no heat, and Donald Gustafson presented evidence showing the house has been rented out at a loss. Sandra Gustafson, on the other hand, was awarded the majority of the retirement and pension accounts. Finally, the district court noted Donald Gustafson's ability to pay a significant amount of spousal support is questionable, yet it awarded Sandra Gustafson 25 percent of Donald Gustafson's $1,200 monthly income. We conclude, in light of the district court's findings under the *Ruff–Fischer* guidelines, awarding Sandra Gustafson permanent spousal support of $300 per month was clearly erroneous.

[¶ 8] Donald Gustafson has requested reimbursement for the amount of spousal support he has paid since entry of judgment in March 2008 in the event we reverse the award of spousal support. Sandra Gustafson opposes restitution, arguing Donald Gustafson failed to follow the proper procedure by not moving for a stay of the judgment.

[¶ 9] Although N.D.R.App.P. 8 delineates the procedure for requesting a stay of judgment pending appeal, it does not state the consequences, if any, of a failure to do so. The general rule of restitution and equities supports the view that " '[w]hat has been given or paid under the compulsion of a judgment the court will restore when its judgment has been set aside and justice requires restitution.' " *Bernoskie v. Zarinsky*, 394 N.J.Super. 421, 927 A.2d 149, 152 (2007) (quoting *United States v. Morgan*, 307 U.S. 183, 197, 59 S.Ct. 795, 83 L.Ed. 1211 (1939)). In *Zarinsky*, the plaintiff opposed restitution on the similar argument that defendant failed to obtain a stay of the judgment. The New Jersey court concluded:

> That argument ignores the rationale for restitution upon reversal of a judgment, which is the inequity of allowing a party to retain what he or she would not have but for a judgment later determined to be unlawful and the untoward result of allowing a party to retain what was acquired by force of that judgment.

*Id.* at 153. This approach is consistent with section 74 of *Restatement (First) of Restitution*, which states: "A person who has conferred a benefit upon another in compliance with a judgment ... is entitled to restitution if the judgment is reversed ... unless restitution would be inequitable." Sandra Gustafson did not argue that requiring her to reimburse Donald Gustafson for the amount she has received since March 2008 would be inequitable, nor do we consider such to be the case. We therefore reverse and remand to the district court for further proceedings accordingly.

### III

[¶ 10] Sandra Gustafson argues in her cross-appeal that the district court erred in its valuation of the parties' marital residence.

[¶ 11] The district court's valuation of property is a finding of fact, which is presumptively correct and will not be reversed on appeal unless it is clearly erroneous. *Braun v. Braun*, 532 N.W.2d 367, 370 (N.D.1995). If the district court's valuation is within the range of the evidence presented, its valuation of marital property is not clearly erroneous. *Kostelecky*, 2006 ND 120, ¶ 9, 714 N.W.2d 845. An owner of real property does not need to possess special knowledge or further qualification to testify to the property's value. *Id.* "The value a trial court places on marital property depends on the evidence presented by the parties." *Id.* at ¶ 8 (citation omitted). Further, a district court is in a much better position to weigh demeanor and credibility of witnesses and to determine property values. *Id.* at ¶ 9. Moreover, Rule 8.3(a) of the North Dakota Rules of Court requires the parties to prepare a "preliminary property and debt listing," without indicating such listing would be binding, thus allowing the court to make its own findings of fact.

[¶ 12] In the instant case, the parties prepared a joint property and debt listing in accordance with Rule 8.3(a) of the North Dakota Rules of Court. In that listing, the parties stipulated to a fair market value of $127,300 for their marital residence. Sandra Gustafson argues the district court erred in valuing the home by $30,000 less than the parties' estimated value. Donald Gustafson argues he did not consider the values listed in the joint property and debt listing binding, and testified at trial that on the basis of verbal estimations he received, the cost of repairing the house would be between $20,000 and $30,000. Sandra Gustafson did not object to his testimony,

and she herself testified the house is in need of significant repairs. We are not convinced a mistake has been made, and conclude the district court's valuation of the marital residence was not clearly erroneous.

## IV

[¶ 13] Sandra Gustafson also argues the district court erred in denying her attorney's fees.

[¶ 14] A district court enjoys "considerable discretion" in deciding whether or not to award attorney's fees, and its decision will not be disturbed unless it is established that the court abused its discretion. *Amsbaugh v. Amsbaugh*, 2004 ND 11, ¶ 43, 673 N.W.2d 601. An abuse of discretion means the district court acted arbitrarily, unconscionably, or unreasonably, or misapplied or misinterpreted the law. *Id.* In determining whether or not to award attorney's fees in marital disputes, the guiding principle is one party's needs and the other party's ability to pay. *Id.* at ¶ 44. The district court should also consider whether one party's conduct has unreasonably increased the time spent on the case, the property each party owns, whether liquid or fixed, and the parties' relative incomes. *McDowell v. McDowell*, 2001 ND 176, ¶ 36, 635 N.W.2d 139.

[¶ 15] In light of the property division, Donald Gustafson's limited earning ability, and evidence that Sandra Gustafson withdrew $15,000 from the parties' joint savings account, part of which she used to pay her attorney's fees, still having a balance of $6,951 by the time of trial, we cannot conclude that the district court abused its discretion in ordering both parties to be responsible for their own attorney's fees.

Further, the district court heard Sandra Gustafson's testimony alleging that Donald Gustafson's pre-trial conduct unreasonably increased the time spent on the case, and it was within the court's discretion to give it its merited weight. We conclude the district court did not abuse its discretion in refusing to award Sandra Gustafson's attorney's fees.

## V

[¶ 16] We affirm the district court's valuation of the marital residence and its denial of attorney's fees to Sandra Gustafson, but reverse the court's award of spousal support and remand for entry of an amended judgment consistent with this opinion.

[¶ 17] GERALD W. VANDE WALLE, C.J., and ZANE ANDERSON, D.J., CAROL RONNING KAPSNER, and DANIEL J. CROTHERS, JJ., concur.

[¶ 18] The Honorable ZANE ANDERSON, District Judge, sitting in place of MARING, J., disqualified.