# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 8

Jacob Hollingsworth,                                        Plaintiff and Appellee

v.

Katie Hollingsworth,                                        Defendant and Appellant

## No. 20240161

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Lindsey R. Nieuwsma, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Kelsey L. Hankey, Grand Forks, ND, for plaintiff and appellee.

Suzanne M. Schweigert, Bismarck, ND, for defendant and appellant.

# Hollingsworth v. Hollingsworth
## No. 20240161

**Crothers, Justice.**

[¶1] Katie Hollingsworth appeals from a district court judgment allowing expert testimony that was untimely disclosed, dividing the marital estate unequally, denying spousal support and payment of her attorney's fees. We affirm.

I

[¶2] Katie and Jacob Hollingsworth were married on June 23, 2018. The parties had one child together during the marriage. Jacob Hollingsworth filed for divorce on May 17, 2023. The parties stipulated to a parenting plan and the only issues at trial were the division of marital property, spousal support, and attorney's fees.

[¶3] Katie Hollingsworth came into the marriage with credit card, school and medical debt and a house in Velva, North Dakota. Jacob Hollingsworth came into the marriage with a house, various personal assets such as vehicles, hunting and fishing supplies, and partial ownership interests in several businesses. The parties kept their finances separate except for a joint checking account they used to split mortgage payments, pay child care expenses, and purchase household items. Jacob Hollingsworth paid off much of Katie Hollingsworth's debts during the marriage.

[¶4] At trial, the district court heard testimony from Jacob Hollingsworth, Katie Hollingsworth, two valuation experts, and Jacob Hollingsworth's father, Thomas Hollingsworth. The court awarded Jacob Hollingsworth $1,897,424.88 (92%) and Katie Hollingsworth $154,652.74 (8%) in marital assets. The court denied Katie Hollingsworth's request for spousal support and attorney's fees. Katie Hollingsworth timely appealed.

## II

[¶5]  Katie Hollingsworth claims the district court erred in allowing Jacob Hollingsworth's valuation expert to testify despite failing to provide the expert's report until four days before trial. This Court reviews an appeal from the admission of testimony under the abuse of discretion standard. *State v. Schmidkunz*, 2006 ND 192, ¶ 15, 721 N.W.2d 387. We employ the same standard when reviewing challenges to whether the court selected the appropriate sanction for a late disclosure of an expert's report. *Clark v. Clark*, 2006 ND 182, ¶ 8, 721 N.W.2d 6. "A continuance is the proper remedy for a party claiming unfair surprise." *Reimche v. Reimche,* 1997 ND 138, ¶ 9, 566 N.W.2d 790.

[¶6]  "A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Nesvig v. Nesvig*, 2006 ND 66, ¶ 12, 712 N.W.2d 299. Here, the district court acknowledged that four days was "too short of a period before trial to be able to be adequately prepared" and offered a continuance. The court also noted that Katie Hollingsworth failed to timely produce documents when she provided exhibits to Jacob Hollingsworth less than 24 hours before trial. Because this was the first instance of untimely submissions by both parties, the court found a continuance was more appropriate than exclusion of the witness and exhibits.

[¶7]  Katie Hollingsworth chose to proceed with the trial without a continuance. If a party does not accept the continuance, "[t]he ultimate decision whether to admit expert witness testimony rests within the district court's sound discretion." *Schmidkunz*, 2006 ND 192, ¶ 15 (citing *State v. Steinbach*, 1998 ND 18, ¶ 12, 575 N.W.2d 193). Because the remedy was within the court's range of permissible sanctions, the court did not abuse its discretion by permitting the expert to testify at trial.

## III

[¶8]  Katie Hollingsworth claims the district court erred in valuing and dividing the marital estate. This Court reviews appeals from the division of a marital

2

estate under the clearly erroneous standard. *Amsbaugh v. Amsbaugh,* 2004 ND 11, ¶ 12, 673 N.W.2d. 601. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support it, or, although some evidence supports it, on the entire record, there is a definite and firm conviction a mistake has been made." *Rustad v. Baumgartner*, 2018 ND 268, ¶ 4, 920 N.W.2d 465.

A

[¶9] Katie Hollingsworth argues certain assets in the marital estate were undervalued. She specifically challenges the court's valuation of Haro Properties LLP, a lake lot, Katie Hollingsworth's jewelry and car, and Jacob Hollingsworth's household goods, furnishings, and hunting gear. The owner of real property may testify as to the value of his real property "without any further qualification or special knowledge." *Anderson v. Anderson*, 368 N.W.2d 566, 569 (N.D. 1985). A non-expert party may provide testimony of the value of a personal asset.

[¶10] Katie Hollingsworth claims that the district court erred because it accepted the wrong values. However, the court received valuation evidence from the parties and others. The court's findings of value fell within the range of that evidence. A court does not clearly err if the valuation accepted by the court is within the range of evidence presented. *See Amsbaugh*, 2004 ND 11, ¶ 15 (concluding the district court did not clearly err by finding the value of the marital home was within the range of evidence presented). Here, the valuation of marital assets was within the range of evidence.

[¶11] Katie Hollingsworth argues the district court erred by including in the marital asset distribution the funds paid to her as required by the interim order. In January 2023, Jacob Hollingsworth transferred $100,000 from his personal account to the parties' joint account to purchase the lake lot. After purchasing the lot for $66,625, Jacob Hollingsworth transferred the remaining roughly $33,000 back to his personal account. In October 2023, the court entered its interim order. The court ordered Jacob Hollingsworth to return "one half ($16,500) of the funds removed from the [joint] account . . . ." The court stated these funds "may be used by Katie Hollingsworth for household and childcare

3

expenses." The court later included this distribution in the portion of the martial estate awarded to Katie Hollingsworth.

[¶12] Katie Hollingsworth claims the transferred funds should not be included in the marital estate calculation. An accountant analyzed the spending practices through the joint account. Throughout the marriage, the court found Jacob Hollingsworth contributed $48,098 to the joint account while Katie Hollingsworth contributed negative $60,112. The court found that there was "an almost $110,000 difference in spending from the joint account." The court found $16,500 was a reasonable amount to award Katie Hollingsworth for the household expenses she provided during the marriage given the spending disparity. Because the court's allocation is based on the unequal spending habits from the joint account during the marriage, the inclusion of the funds from the interim order is not clearly erroneous. We affirm the distribution of the marital estate.

B

[¶13] Katie Hollingsworth argues the district court erred in using a December 5, 2023 valuation date for Jacob Hollingsworth's retirement account instead of December 31, 2023. Section 14-05-24(1), N.D.C.C. (effective August 1, 2021), provides that the court must use the valuation date agreed to by the parties. If the parties do not agree, the valuation date is 60 days prior to the trial. *Id.* The parties agreed to using December 5, 2023, to value their assets but did not agree to a valuation date for the retirement accounts. Because the court found there was no agreement for a valuation date, it used December 5, 2023, to value Jacob Hollingsworth's retirement account. Katie Hollingsworth provided a December 31, 2023 valuation for her retirement account. Because the parties did not agree on a separate valuation date for the retirement accounts, the court did not err by using the December 5, 2023 general valuation date agreed to by the parties.

4

# C

[¶14] Katie Hollingworth claims the district court erred in dividing the marital estate.

[¶15] The court applied the *Ruff-Fischer* guidelines to determine the property distribution.

> "These guidelines allow a trial court to consider the respective ages of the parties to the marriage; their earning abilities; the duration of the marriage and the conduct of each during the marriage; their station in life; the circumstances and necessities of each; their health and physical condition; their financial circumstances as shown by the property owned at the time; its value and its income-producing capacity, if any, and whether it was accumulated or acquired before or after the marriage; and such other matters as may be material."

*Williams v. Williams*, 302 N.W.2d 754, 757 (N.D. 1981).

[¶16] The length of marriage is a factor the district court must consider in determining an equitable division of the marital estate under the *Ruff-Fischer* guidelines. *Lill v. Lill*, 520 N.W.2d 855, 857 (N.D. 1994). No bright-line rule exists to determine whether a marriage is short or long term. *Hitz v. Hitz*, 2008 ND 58, ¶ 16, 746 N.W.2d 732. In a short-term marriage, the district court may distribute property based on what each party brought into the marriage. *Lill*, at 857.

[¶17] Katie Hollingsworth proposed a division awarding her 45% of the marital assets and 55% to Jacob Hollingsworth. The district court rejected this proposal and instead ordered the allocation that is on appeal. Section 14-05-24(1), N.D.C.C. (effective August 1, 2021), requires a court to make an equitable asset distribution when a divorce is granted. "While a property division need not be equal to be equitable, the district court must explain any 'substantial disparity.'" *Linrud v. Linrud*, 552 N.W.2d 342, 345 (N.D. 1996) (cleaned up). If the distribution is unequal, this Court must have some "indication of the rationale of the trial court in distributing the property." *Id.* at 346 (quoting *Tuff v. Tuff*, 333 N.W.2d 421, 424 (N.D. 1983)). "Findings of fact are adequate when they provide us with a clear understanding of the basis of the trial court's decision." *Id.*

[¶18] The district court found the parties were married "just short of five years prior to separation" and the marriage was "short-term and the parties did not make significant changes to their lives, businesses, education, or overall station in life as a result of or during the marriage." The court found Jacob Hollingsworth came into the marriage with a net worth of approximately $724,000 while Katie Hollingsworth came into the marriage with approximately negative $46,000. The court also found that the growth of the marital estate was primarily attributed to Jacob Hollingsworth's business success, that during the marriage Jacob Hollingsworth paid about $57,000 of Katie Hollingsworth's student loan debt and various outstanding medical bills, and that Katie Hollingsworth spent more during the marriage than Jacob Hollingsworth despite contributing less funds to the marriage. The court also found Jacob Hollingsworth owned much of the property, including his business interests, prior to the marriage. These findings are supported by the evidence and we are not left with a definite and firm conviction a mistake was made.

IV

[¶19] Katie Hollingsworth argues the district court erred in denying her request for spousal support. This Court will not set aside spousal support decisions unless they are clearly erroneous. *Gustafson v. Gustafson*, 2008 ND 233, ¶ 6, 758 N.W.2d 895. "A finding of fact is clearly erroneous only if it is induced by an erroneous view of the law, no evidence supports it, or, on the basis of the entire record, we are left with a definite and clear conviction a mistake has been made." *Id.* When determining spousal support, a court must apply the *Ruff-Fischer* guidelines and consider the need of the spouse requesting support and the ability of the other spouse to pay the support. *Quamme v. Quamme*, 2021 ND 208, ¶ 14, 967 N.W.2d 452.

[¶20] The district court found both Katie and Jacob Hollingsworth are able-bodied and capable of supporting themselves, evidenced by both parties keeping separate finances throughout the marriage. The court found their marriage was "short-term and the parties did not make significant changes to their lives, businesses, education, or overall station in life as a result of or during the marriage." The court also found both parties are healthy overall and have the

6

ability to work and increase their expected incomes. Because the court's findings were supported by the record, and we are not left with a definite and firm conviction a mistake was made, its decision was not clearly erroneous.

V

[¶21] Katie Hollingsworth argues the district court erred in denying her request for attorney's fees. This Court reviews an appeal from the denial of attorney's fees under the abuse of discretion standard. *Gustafson*, 2008 ND 233, ¶ 14. "An abuse of discretion means the district court acted arbitrarily, unconscionably, or unreasonably, or misapplied or misinterpreted the law." *Id.*

[¶22] Section 14-05-23, N.D.C.C., provides that a court may issue an order requiring a party to pay the other divorcing spouse's attorney's fees. The district court's interim order required Jacob Hollingsworth to give Katie Hollingsworth half of the funds in the joint checking account when the divorce was commenced. The court's interim order rejected Katie Hollingsworth's request that Jacob Hollingsworth pay her attorney's fees, and required that "[t]he parties shall assume their own attorney fees."

[¶23] Katie Hollingsworth argued she received loans from family members to pay her attorney's fees, showing her substantial need for attorney's fees to be awarded. She also testified to her monthly expenses. The district court found Katie Hollingsworth did not establish a need for payment of her attorney's fees because her gross income was $72,000 per year and noted Katie Hollingworth's income was "nearly triple the income eligibility level for a household of two for indigent defense services." Several times the court found that Katie Hollingworth's spending habits were excessive. Because of this, the court denied Katie Hollingsworth's request for attorney's fees.

[¶24] We conclude the district court did not abuse its discretion denying Katie Hollingsworth's request for attorney's fees. While we do not endorse the court's use of indigent criminal defense eligibility standards, the court's order was otherwise supported by consideration of evidence about Katie Hollingworth's

7

income, expenses, spending habits during the marriage, health and income potential.

[¶25] As part of her request for attorney's fees, Katie Hollingsworth argues the district court erred in calculating the marital debt because it did not include loans she took from family members to pay for attorney's fees and trial preparation costs. Katie Hollingsworth testified that these loans totaled $43,000.

[¶26] Attorney's fees generally are not included in the marital debt if they are incurred post-separation. *See Berdahl v. Berdahl*, 2022 ND 136, ¶ 31, 977 N.W.2d 294 (finding the district court erred when including legal fees in the marital debt because they were incurred post-separation). Here, both parties incurred post-separation legal fees. The court found both parties should be responsible for their respective attorney's fees. While Katie Hollingsworth claims Jacob Hollingsworth's conduct caused her to incur additional unnecessary fees, the court found Katie Hollingsworth's actions of failing to disclose a bank account is what caused unnecessary fees. The district court did not abuse its discretion in its calculation without the parties' attorney's fees as part of the marital debt.

VI

[¶27] We conclude the district court did not abuse its discretion admitting expert testimony and affirm the court's judgment dividing the marital estate, denying spousal support, and denying recovery of attorney's fees.

[¶28] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr