# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

---

## 2025 ND 112

---

Joseph Edward Glaum,

      Petitioner and Appellant

    v.

Michael William Drake,

      Respondent and Appellee

---

## No. 20250005

---

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Nicholas W. Chase, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Joseph E. Glaum, self-represented, Bismarck, ND, petitioner and appellant; submitted on brief.

Michael W. Drake, self-represented, Fargo, ND, respondent and appellee; submitted on brief.

**Glaum v. Drake**
No. 20250005

**McEvers, Justice.**

[¶1]   Joseph Glaum appeals from a judgment entered after a bench trial, dismissing with prejudice his complaint alleging conversion and breach of contract against Michael Drake. Glaum argues the district court erred by dismissing his complaint with prejudice, allowing a defense witness to testify and considering her testimony, failing to grant a continuance, and denying his contract claim. We affirm.

I

[¶2]   In November 2023, Glaum commenced this action against Drake, claiming Drake converted his property and breached an oral contract. Glaum alleged Drake took possession of his vehicle tow dolly, but failed to pay him for the property. After a bench trial, the district court found Glaum failed to establish that an oral contract existed for Drake to pay for the tow dolly or that Drake converted the property. The court dismissed the complaint with prejudice and entered judgment.

II

[¶3]   Glaum argues the district court erred in dismissing the complaint with prejudice, as opposed to without prejudice. For support, he cites to criminal cases where the court dismissed charges against criminal defendants, *see State v. Graff*, 2023 ND 127, ¶¶ 1, 4, 10-11, 993 N.W.2d 334; *State v. Tweeten*, 2004 ND 90, ¶¶ 15-17, 679 N.W.2d 287, and civil cases where the court dismissed the case pretrial as a sanction for committing fraud on the court, *see Nichols v. Klein Tools, Inc.*, 949 F.2d 1047, 1048-49 (8th Cir. 1991), or failing to prosecute or comply with court orders, *see Welsh v. Automatic Poultry Feeder Co.*, 439 F.2d 95, 96-97 (8th Cir. 1971). These cases and standards do not apply here where this case was resolved on the merits after a bench trial.

[¶4]   Because Glaum's claims were fully adjudicated on the merits following a bench trial, the district court correctly entered a judgment of dismissal with

prejudice. *See Trottier v. Bird*, 2001 ND 177, ¶ 8, 635 N.W.2d 157 ("The effect of dismissing a case with prejudice is to bar any future claim, as that action amounts to a final disposition of the controversy."); *In re C.M.*, 532 N.W.2d 381, 382 (N.D. 1995) ("A dismissal without prejudice means that no right or remedy of the parties is affected, the use of the phrase simply shows that there has been no decision of the case upon the merits, and prevents the defendant from setting up the defense of res adjudicata." (cleaned up)); *see, e.g.*, *Brash v. Gulleson*, 2013 ND 156, ¶¶ 1, 6, 835 N.W.2d 798 (affirming a judgment dismissing an action with prejudice entered after a bench trial).

III

[¶5]   Glaum contends the district court erred by allowing a defense witness to testify and considering her testimony, failing to grant a continuance, and denying his contract claim. We conclude the court did not abuse its discretion by allowing the witness to testify and deciding not to continue trial. *See Hollingsworth v. Hollingsworth*, 2025 ND 8, ¶ 5, 16 N.W.3d 221 ("This Court reviews an appeal from the admission of testimony under the abuse of discretion standard."); *Overboe v. Brodshaug*, 2008 ND 112, ¶ 15, 751 N.W.2d 177 ("We review a court's ruling at trial about compliance with an order issued after a pretrial conference under the abuse of discretion standard."); *Loper v. Adams*, 2011 ND 68, ¶ 9, 795 N.W.2d 899 ("We also will not reverse a district court's decision to deny a continuance absent an abuse of discretion by the court."). Further, the court did not err in assessing the credibility of the witnesses and weighing the evidence, including from the defense witness. *See Buri v. Ramsey*, 2005 ND 65, ¶ 10, 693 N.W.2d 619 ("We do not reweigh evidence or reassess credibility, nor do we reexamine findings of fact made upon conflicting testimony."). Nor did the court clearly err in finding no oral contract existed between Glaum and Drake. *See In re Est. of Thompson*, 2008 ND 144, ¶ 10, 752 N.W.2d 624 (stating "[t]he existence of an oral contract is a question of fact," which we review under the clearly erroneous standard). We summarily affirm under N.D.R.App.P. 35.1(a)(2), (4), and (7).

[¶6]   All other issues raised or attempted to be raised by Glaum were either inadequately briefed—providing no legal support or argument—or not raised

2

before the district court and therefore not preserved for review. *See Petro-Hunt, L.L.C. v. Tank*, 2024 ND 46, ¶ 44, 4 N.W.3d 526 (inadequate briefing); *Ebel v. Engelhart*, 2024 ND 168, ¶ 15, 11 N.W.3d 10 (failure to raise). We summarily affirm under N.D.R.App.P. 35.1(a)(7).

IV

[¶7]   The judgment is affirmed.

[¶8]   Jon J. Jensen, C.J.
       Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte
       Douglas A. Bahr